[No. 34430.   Department One.   July 10, 1958.]

EUGENE J. HOLMES *et al., Respondents*, v. JOEL H. TOOTH-
AKER *et al., Appellants.*[1]

[1]Reported in 328 P. (2d) 146.

*Hennings, Shinn & Rutherford,* for appellant Toothaker.

*Kahin, Carmody & Horswill* and *Allerdice, Pitt & Sivula,* for appellants Arnold.

*Bassett, Davies & Roberts* and *Foster & Foster,* for respondents.

OTT, J.—November 26, 1955, at about seven o'clock p. m., Eugene J. Holmes and his wife, Therese, were traveling

south from Seattle toward Tacoma on highway No. 99, when their automobile was involved in a collision with one owned and operated by Joel H. Toothaker, which approached them from the opposite direction in their lane of travel. Holmes and wife (hereinafter referred to as Holmes) commenced this action against Toothaker to recover for their damages, alleging that Toothaker was negligent in the operation of his automobile.

The court, upon motion of Toothaker, ordered Philip C. Arnold and Vera E. Arnold, his wife (hereinafter referred to as Arnold), named as additional defendants in the Holmes proceeding, and authorized Toothaker to file a cross-complaint against Arnold. Toothaker's answer to Holmes' complaint denied negligence on his part and alleged, as an affirmative defense, that the negligence of Arnold was the sole proximate cause of the damages suffered by Holmes. His cross-complaint alleged that he likewise was damaged as a result of Arnold's negligence, and prayed for judgment against Arnold accordingly.

Holmes' amended reply alleged that his damages were the result of the concurrent negligence of Toothaker and Arnold. Arnold's answer denied liability to either Holmes or Toothaker.

Upon the trial of the issues thus joined, the jury returned a verdict jointly and severally against Toothaker and Arnold for Eugene Holmes in the sum of fifteen thousand dollars, for Therese Holmes in the sum of thirty-five thousand dollars, and for damage to Holmes' automobile in the sum of $1,109.28. Upon Toothaker's cross-complaint, the jury found for the defendant Arnold. Judgments were entered in accordance with the verdict.

This appeal is by Toothaker and Arnold from the judgment in favor of Holmes. Toothaker has not appealed from the judgment dismissing his cross-complaint.

■ The appellants challenge the sufficiency of the evidence to sustain the verdict as to liability. (No negligence was claimed or shown on the part of respondent Holmes.) The evidence with reference to the manner in which the accident occurred was conflicting, in which case it is the

sole province of the jury to determine the facts. *Welliever v. MacNulty*, 50 Wn. (2d) 224, 310 P. (2d) 531 (1957).

From our examination of the record, there is sufficient evidence to establish the following to be the facts:

Holmes was operating his automobile in a lawful manner in a southerly direction on the inside (passing) lane of a four-lane highway. Toothaker was operating his automobile in a northerly direction at an excessive rate of speed, and, in his endeavor to bring his car to a stop (behind automobiles in his lane of travel which were temporarily stationary awaiting a lawful left turn by the forward car), it started to skid. Arnold, who was following too closely behind Toothaker, was unable to avoid colliding with Toothaker's automobile, thus adding impetus to Toothaker's crossing over into Holmes' lane of traffic (southbound inside lane), and colliding with Holmes' automobile. Arnold's automobile, after colliding with the Toothaker automobile, went out of control and collided with an automobile operated by one Brown. (The Arnold-Brown collision is not an issue in this litigation.)

The evidence which connected Arnold with the Toothaker-Holmes collision was that paint on the front bumper of Arnold's automobile was identified to be that which had been scraped from the rear license plate of the Toothaker automobile. This evidence as enumerated, if believed by the jury, was sufficient to establish liability, and that the negligence of both Toothaker and Arnold was the concurrent proximate cause of the accident.

Appellants next contend that, conceding the above facts to have been found by the jury, the verdicts nevertheless were inconsistent. They argue that, since the issue of contributory negligence on the part of Toothaker was not presented to the jury, it was inconsistent for the jury to have found that Arnold's negligence was a proximate cause of the Holmes' accident, and also that no liability arose from the same negligence with reference to Toothaker's cross-complaint.

Toothaker did prove that he was damaged. However, he presented no evidence segregating the damages in-

curred as a result of his own negligence in striking Holmes' car, from the damages resulting from Arnold's negligence in striking his (Toothaker's) car. The rule is that, where there is evidence regarding injuries or loss resulting from various causes, for some of which the defendant cannot be held responsible, but no evidence of the portion of such injuries or loss for which the defendant may be liable, the proof is too uncertain to enable the jury to determine the amount of injury or loss. *Wappenstein v. Schrepel*, 19 Wn. (2d) 371, 142 P. (2d) 897 (1943).

■■ Applying this rule to the instant case, the jury could not determine, from the evidence, the extent of Toothaker's damages caused by Arnold's negligence, as distinguished from the damage caused by his own negligence. Although it must be conceded that the Arnold-Toothaker collision resulted in at least nominal damages to Toothaker, we will not grant a new trial for the jury's failure to award nominal damages. *McUne v. Fuqua*, 45 Wn. (2d) 650, 277 P. (2d) 324 (1954).

We find no merit in the contention that the verdicts were inconsistent.

Appellants next contend that the verdict was so excessive as to both respondents as to indicate passion and prejudice. The injuries sustained by the respondents, as established by the evidence, were as follows:

Mrs. Holmes, who was twenty-nine years of age at the time of the accident, with a life expectancy of 39.49 years, suffered multiple lacerations to her forehead, eye, and cheek, necessitating approximately three hundred fifty sutures. The operation required three hours and twenty minutes. She was hospitalized for a period of fourteen days. The lacerations left unsightly scars on her face which are a source of constant humiliation to her. Her eye injury continues to give her much pain. Cauterization of the eyelid was necessary to prevent the growth of eyelashes which irritate the eyeball. The success of this operation, at the time of trial, was not certain. Although three future operations involving plastic surgery may substantially improve her appearance, her face will be permanently scarred and

disfigured. She suffered a laceration and injury to her right knee. The knee becomes stiff and swollen in cold weather. As a result of the injuries, she has become irritable, emotional, and extremely nervous. She has been unable to find employment since the accident.

Eugene Holmes was twenty-seven years of age at the time of the accident, and had a life expectancy of 40.36 years. As a result of the accident, he suffered a fractured sternum, a whiplash injury to his neck, and multiple lacerations about his head, body, and limbs. Injury to the second, sixth, and seventh vertebrae has limited his mobility. He was hospitalized for a period of nine days, and was unable to work for one and one-half months. For a period of from two to three months, he was required to wear a neck binder and take traction treatments. His injury is permanent. Prior to the accident, he was earning one hundred thirty dollars a week as an architectural draftsman. Since the accident, he has been unable to work full time, and his income has been reduced to sixty-five dollars a week.

We have held, in actions for personal injuries where damages are proved, that the amount of damages to be awarded is primarily within the province of the jury. This court is reluctant to interfere with such an award, when fairly made. *Anderson v. Dalton*, 40 Wn. (2d) 894, 246 P. (2d) 853, 35 A. L. R. (2d) 302 (1952); *Thompson v. Seattle*, 35 Wn. (2d) 124, 211 P. (2d) 500 (1949); *Weihs v. Watson*, 32 Wn. (2d) 625, 203 P. (2d) 350 (1949); *Kellerher v. Porter*, 29 Wn. (2d) 650, 189 P. (2d) 223 (1948).

Applying this rule to the instant case, we are unable to find that the jury's verdict was unfair or that it was the result of passion or prejudice.

Appellant Toothaker contends that the court erred in instructing the jury with respect to respondent Therese Holmes' life expectancy. There is evidence in the record that the injuries which Therese Holmes sustained are permanent. Where there is evidence that the injuries are permanent, an instruction on life expectancy is proper. *DeKoning v. Williams*, 47 Wn. (2d) 139, 286 P. (2d) 694 (1955).

We are not here concerned with appellant Toothaker's objections to instructions Nos. 10 and 12, and that portion of instruction No. 6 relative to contributory negligence, as an issue resulting from Toothaker's cross-complaint against Arnold, for the reason that the cross-complaint was dismissed and no appeal was taken from the judgment of dismissal.

Appellants next contend that the trial court improperly permitted respondents to amend their pleadings, during the course of the trial, which amendment joined the Arnolds as joint tort-feasors in the Holmes' action. Arnold argues that the amended reply is, in effect, an amended complaint which was not properly served.

We find no merit in this contention for the following reasons: (1) If there was an insufficient service of the alleged amended complaint, Arnold's failure to appear specially or move to quash the amended reply (because it was, in effect, as he alleges, an amended complaint), constitutes a waiver of process (*Lee v. Debentures Inc.*, 8 Wn. (2d) 353, 359, 112 P. (2d) 142 (1941)); and (2) the pleadings, under the circumstances here present, are deemed amended to conform with the proof (*Rose v. Galbraith Motor Co.*, 51 Wn. (2d) 31, 33, 314 P. (2d) 924 (1957)). In this regard, instruction No. 8 instructed the jury with reference to concurrent negligence of joint tort-feasors. The instruction was not excepted to, and became the law of the case. *Traverso v. Pupo*, 51 Wn. (2d) 149, 153, 316 P. (2d) 462 (1957), and cases cited.

Finally, the appellants urge various objections relating to the adequacy of the pleadings and the tardiness of the amended pleadings, claiming that they were thereby surprised and confused.

In this regard, the court's voluntary offer, during the trial, to grant a continuance to either or both of the appellants was rejected. We do not condone a procedure which permits a litigant to gamble on a favorable jury verdict, and, when it is adverse, raise issues of the inadequacy of the pleadings, improper process, or surprise. *Davenport v. Taylor*, 50 Wn. (2d) 370, 374, 311 P. (2d) 990 (1957).

We have not specifically referred to each of the assignments of error urged by appellants, but what we have said above is apropos to and answers the remaining assignments of error.

The judgment is affirmed.

HILL, C. J., MALLERY, FINLEY, and HUNTER, JJ., concur.

¹Reported in 328 P. (2d) 164.