[No. 35047. Department One. January 14, 1960.]

GEORGE W. HILL, JR., et al., *Appellants,* v. KENNETH WITHERS et al., *Respondents.*[1]

[1]Reported in 348 P. (2d) 218.

Robert S. Day and Horton & Wilkins, for appellants.
Splawn & Bounds, for respondents.

DONWORTH, J.—This is an appeal from a judgment dismissing a tort action after the trial court had sustained a demurrer to plaintiffs' amended complaint on the ground that the cause of action was barred by the statute of limitations.

The action was initiated by plaintiffs for personal injuries and damages allegedly sustained in an accident between a motor car owned by the Northern Pacific Railroad, operated by George W. Hill, Jr., and an automobile operated by Ida Mae Withers.

This being a negligence action, the three-year statute of limitations applies. RCW 4.16.080.

The facts, so far as we deem them to be material, are as follows:

The accident in question is alleged to have occurred December 23, 1954. Thus, to come within the three-year limitation period, the action must have been commenced no later than December 23, 1957.

On November 18, 1957, plaintiffs filed a summons and complaint, both of which were entitled and directed to Kenneth Withers and Ida Mae Withers, his wife, as defendants. The complaint alleges that defendants were husband and wife, and that the defendant wife, Ida Mae Withers, was negligent in the operation of the family automobile.

On November 19, 1957, the summons and complaint were personally served upon Kenneth Withers, and service was purportedly made on his wife (erroneously designated as Ida Mae Withers) by leaving with him a copy of the summons and complaint at her place of usual abode.

On January 2, 1958, plaintiffs filed a motion for default on the ground that the named defendants had failed to answer or otherwise plead to the complaint.

On January 3, 1958, the defendants Kenneth Withers and

Ellen Mae Withers filed an answer and cross complaint, wherein they stated that the wife of Kenneth Withers was not the defendant *Ida* Mae Withers but was Ellen Mae Withers, and asserted the belief that *Orin* W. Withers and Ida Mae Withers, husband and wife, were the parties involved in the accident, and further cross complained for damages allegedly incurred as a result of the plaintiffs' erroneously bringing an action against them.

At this juncture, plaintiffs realized their mistake. Thereafter, on February 13, 1958, the summons and complaint were served on Orin W. Withers and his wife, Ida Mae Withers, the parties against whom the action should have been brought initially. On the same day, plaintiffs filed a motion to amend their complaint in accordance with a proposed amended complaint attached thereto, in which Orin W. Withers and Ida Mae Withers were named the defendants as husband and wife.

On February 14, 1958, the court entered an order allowing plaintiffs to amend their complaint by joining Orin W. Withers and Ida Mae Withers as *additional defendants*. In their brief, plaintiffs state that the amended complaint was served on the *additional defendants* on February 14, 1958, although we find no evidence of such fact in the record.

On February 18, 1958, *additional defendants* filed a demurrer to the amended complaint on the grounds that it (1) failed to state a cause of action, and (2) as to the *additional defendants,* the action had not been commenced within the time limited by law.

The trial court sustained the demurrer on the second ground, rendered a memorandum opinion, and entered a judgment dismissing the action as to the *additional defendants*. This appeal by plaintiffs follows.

Hereinafter, plaintiffs will be referred to as appellants and the *additional defendants* as respondents.

The assignments of error are: (1) The court erred in entering its order of dismissal as to *additional defendants* Orin W. Withers and Ida Mae Withers, his wife; (2) the court erred in entering its order allowing amendment of the complaint joining *additional defendants*.

The ultimate question before us is whether an action was commenced against Orin W. Withers and Ida Mae Withers within the time limited by law.

Appellants argue their two assignments together. Apparently they do not make any contention that the amendment to the complaint bringing in the respondents as *additional defendants* relates back to the time of the filing of the original complaint so as to fall within the three-year statute of limitations.

Rather, their position is that the complaint alleging the tortious acts of Ida Mae Withers was timely filed November 18, 1957, within three years of the date of the accident, and that within ninety days thereafter, to wit, February 13, 1958, the court acquired jurisdiction of Ida Mae Withers and Orin W. Withers by personal service of the original summons and complaint.

Manifestly, the court acquired jurisdiction as to Ida Mae Withers within the period of the statute of limitations. The complaint served upon her identified the automobile involved in the accident, named her as the operator of that automobile at the time and place thereof, and alleged that all of the tortious acts in question were committed by her. The fact that the complaint mistakenly described her as the wife of Kenneth Withers is immaterial and mere surplusage.

With respect to Orin W. Withers, we have an entirely different situation. He was not named as a party defendant in the original complaint. Appellants contend that as to him the case presents a mere question of misnomer, so that the name Kenneth should be corrected to read Orin.

We do not agree. This is a case of mistaken *identity* rather than one of misnomer. Appellants sued Kenneth Withers because they mistakenly thought him to be the husband of Ida Mae Withers. The complaint named Kenneth Withers as a defendant and he was duly served as such. Thus, by the personal service of a summons and complaint upon him, on November 19, 1957, he became a party defendant to the action and was subject to the jurisdiction of the court. Under these circumstances, the court's per-

mission to amend the complaint by inserting the name Orin in place of the name Kenneth would not be a mere substitution of *names*, but rather a substitution of *parties*. This, in effect, would grant to appellants a new cause of action.

The substitution of one defendant for another does not relate back to the commencement of the action. As stated in the annotation in 8 A. L. R. (2d) 144, § 72:

"As in the case of bringing in a new defendant, courts are disinclined to regard substitutions of defendants as relating back to the commencement of the action, except where such substitution is nothing more than a mere formality.

"Thus, as a general rule where an amendment is made by which a new defendant is substituted for the original party defendant, and between the time of the commencement of the suit and the time when the new defendant is substituted, the period of limitations has expired, the new defendant may plead the statute in bar of his liability. The reason for this rule is that such amendment is regarded as the commencement of a new action or proceeding against the substituted defendant which does not relate back to the institution of the original action. . . ."

The joining of Orin Withers as an additional defendant by the amended complaint, on February 14, 1958, does not change the result. The same rule applies to both the substitution and the addition of parties defendant. See 8 A. L. R. (2d) 112, § 53. In *Ennis v. Ring*, 49 Wn. (2d) 284, 300 P. (2d) 773 (1956), this court said:

"We are committed to the rule that, if an amended complaint (1) adds a new cause of action, or (2) abandons a former theory or cause of action, it does not relate back to the original complaint but, instead, rests the action upon the pleadings as amended. . . . [Citations omitted]."

In conclusion, we hold that, as to Ida Mae Withers, an action was commenced within the time allowed by law because the original complaint charging her with the commission of tortious acts was filed within three years from the date of her alleged negligence, and she was personally served with summons and complaint within ninety days after such filing. As to Orin W. Withers, no such complaint

was timely filed or service had. In fact, even the amended complaint fails to allege the commission of any tortious acts by him. He is named therein as being the husband of Ida Mae at the time of the accident. He is a proper, but not a necessary, party to the cause of action alleged in the amended complaint. *Sandgren v. West,* 9 Wn. (2d) 494, 115 P. (2d) 724 (1941); RCW 26.16.190. Since he was not named as a party defendant in the original complaint, the attempt made in the amended complaint to make him such a party came too late, and *as to him* the trial court correctly dismissed the action on the ground that the statute of limitations had run when the amended complaint was filed.

From what we have said, it follows that the trial court's judgment dismissing the action against Ida Mae Withers must be reversed, and its dismissal of the action against Orin W. Withers must be affirmed.

It is so ordered.

WEAVER, C. J., MALLERY, FINLEY, and OTT, JJ., concur.

---

March 28, 1960. Petition for rehearing denied.