[No. 38596.    Department Two.    May 11, 1967.]

MIKE DESANTIS, *Appellant,* v. ANGELO MERLINO
AND SONS, INC., *Respondent.**

*Orvin H. Messegee,* for appellant.

*Miracle, Treadwell & Pruzan,* for respondent.

HUNTER, J.—This is a review of an order dismissing the plaintiff's (appellant's) amended complaint charging liability of Angelo Merlino & Sons, Inc., a Washington corporation, defendant (respondent), for the injuries incurred by the plaintiff in delivering merchandise to the defendant's place of business.

Plaintiff's original complaint denominated, as defendant, Angelo Merlino and his wife, doing business as Merlino Pure Food Products Company, a proprietorship. In fact, Angelo Merlino is only a vice-president and 5 per cent stockholder in the defendant corporation. Merlino, however, accepted service and notified the corporation and its insurance company of the claim. On advice of counsel, obtained by the insurance carrier for Merlino, he elected to await the running of the statute of limitations before noti-

*Reported in 427 P.2d 728.

fying the plaintiff of the mistake made in the description of the parties.

An answer to the complaint was thus filed in which every allegation of the complaint was denied, including the averment that the defendant was a proprietorship. The answer also raised two affirmative defenses.

Merlino's attorney thereafter took the deposition of the plaintiff, required his physical examination, and entered into extended settlement negotiations with no satisfactory result.

After the statute of limitations had run on the claim, Angelo Merlino moved to dismiss the complaint against him individually by reason of the defect in parties. The trial court granted the motion to dismiss after a hearing on this matter, and also granted plaintiff's motion for leave to amend. The plaintiff then served an amended summons and complaint on opposing counsel.

The corporation thereafter challenged the jurisdiction of the court, stipulating that it had been served with summons and complaint and asserting the defense of the statute of limitations. The trial court sustained the defense and dismissed the plaintiff's action with prejudice. Plaintiff appeals.

The assignments of error advanced by the plaintiff present the following issue: Under the facts of this case, does a complaint which is amended immediately upon discovering the defendant has been eroneously named, but more than 3 years following accrual of the cause of action, correcting the designation of the defendant from a d/b/a to a corporation, relate back to the original complaint so as to toll the statute of limitations?

Rule of Pleading, Practice and Procedure 15(c), RCW vol. 0, provides that whenever a claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

In cases involving an amendment, made after the applicable limitation period has run, the general rule has developed that RPPP 15(c) will not apply to an amendment which substitutes or adds a new party or parties for those brought before the court by the original pleadings— whether plaintiff or defendant. *Hill v. Withers*, 55 Wn.2d 462, 348 P.2d 218 (1960); 3 Moore, Federal Practice § 15.15, p. 1041. The clear reason for the rule is to prevent prejudice to the added party in exposing it to liability and thus giving the plaintiff a new cause of action after the running of the limitation period. *Hill v. Withers, supra.*

■ Because of the harshness of this rule, where the party substituted has actual knowledge of the claim against it, an exception in favor of relation back, both as to plaintiff and defendant, is recognized when the new and old parties have a sufficient identity of interest so that it can be assumed, or proved, that relation back is not prejudicial. 3 Moore, Federal Practice § 15.15, pp. 1042, 1044, and cases cited.

The policy of the federal rules in permitting liberality in amendments, under the exception, where justice requires is demonstrated in the case of *Adams v. Beland Realty Corp.*, 187 F. Supp. 680 (1960); mandamus to compel vacation of substitution order denied *Hirsch v. Bruchhausen*, 284 F.2d 783 (2d Cir. 1960). The factual similarity of this case to the one at bar is striking; in that, the plaintiff had misnamed the defendant as a corporation instead of a partnership, no motion was made for dismissal for a defect in the parties, and all notices of claims and pleadings were turned over to the attorneys for the partnership who in turn forwarded them to the attorneys for the insurance company. After the period of limitations had run, the court allowed an amendment relating back and substituting the partnership. It concluded that under circumstances where the relation back was not prejudicial to the substituted party, the effect of the amendment rendered a defense on the statute of limitations inapplicable. The reasons for the court's decision were stated as follows:

"The rule [15(c)] is to be liberally construed on the side of allowance of amendments, particularly where the opposing party is put to no disadvantage. (Citing cases.)

. . . .

"And, the spirit of the Federal Rules demands that insofar as possible, controversies be determined upon the merits and not upon procedural niceties.(Citing cases.)"

Washington has not passed on the application of this exception since our adoption of the federal rules. We believe, however, the reasoning for the exception in the cited case, and as stated by Professor Moore in 3 Moore, Federal Practice, *supra,* to be sound, especially as it applies to the facts of the instant case. Here, counsel for the individual Merlino was obtained by the insurance company and was before the court for the purpose of protecting the interests of the corporation as well, which he also represented. The fact that all of the parties defendant had actual knowledge of the claim emphasizes the necessity for our adoption of the exception, for no prejudice to the substituted party could result from its application; and to hold otherwise would be to sanction manifest injustice.

We therefore hold that the exception to the general rule applies to the facts of this case, and the amendment substituting the corporation as a party defendant relates back to the date of the commencement of the original action.

The order of the trial court dismissing the amended complaint is reversed, and the cause is remanded for trial on the merits.

FINLEY, C. J., HAMILTON, J., and BARNETT, J. Pro Tem., concur.