[No. 1626-3. Division Three. June 9, 1976.]

FREDERICK J. LIND, ET AL, *Respondents*, v. EFFIE FRICK, *Appellant*.

*Harvey Erickson* and *Erickson & Worthington*, for appellant.

*Charles Countryman*, for respondents.

McINTURFF, C.J.—The estate of Mary Toner, through its personal representative, Effie Frick, appeals from denial of its pretrial motion to dismiss a creditor claim, and allowance of the claim at trial. We affirm.

Circumstances leading to this action show that Dan and Mary Toner executed a $9,000 promissory note in 1964 to Mr. Frederick Lind and the Preston Mill Co. for purchase of stock in a corporation. Payments on the note were made until the death of Mary Toner in 1967. The bulk of her estate was left to her husband, Dan, who substantially dissipated these assets before his death in 1970. An additional payment on the note was obtained from the estate of Dan Toner, still leaving an unpaid balance.

Mr. Lind and the Preston Mill Co. then sought payment of the balance by way of a creditor claim filed by them against the estate of Mary Toner back in 1967, the estate still containing separate property sufficient to pay the note. The reason for delay these many years in administration of the estate was the ill health of the personal representative. Their creditor claim was finally rejected in 1972.

Mr. Lind and the Preston Mill Co. filed this action in 1973 to collect their rejected creditor claim against the estate of Mary Toner. The original complaint was amended 1 year later to name as defendant the personal representative of the estate, Effie Frick. Trial was had on the amended complaint and the claim ordered paid in the regular course of probate. This appeal followed.

The estate had made a pretrial motion to dismiss upon grounds of (1) improper party defendant, and (2) failure to prosecute. It is the argument of the estate that the creditors, Mr. Lind and Preston Mill Co., did not commence action on their rejected creditor claim in the name of the personal representative within 30 days of rejection, as required by statute. The estate also argues that the creditors failed to prosecute their claim within 1 year, making dismissal mandatory under CR 41 (b) (1).

Turning to the estate's first ground for dismissal, improper party defendant, the statute in effect at the time of

rejection required that action on a rejected creditor claim be commenced against the personal representative within 30 days.[1] The original complaint was timely filed but the caption failed to name the personal representative, Effie Frick. A motion to amend the caption was made after the 30-day limitation of action. The motion to amend was allowed pursuant to CR 17(a),[2] and the claim proceeded to trial. The necessary implication is that the amendment was allowed to relate back to the time of the original pleading in satisfaction of the 30-day limitation of action.[3]

At issue is the propriety of relation back in time of the amended complaint. An amendment changing the party against whom a claim is brought relates back to the date of the original pleading if (1) the amended pleading arose out of the transaction set forth in the original pleading; (2) the new party received notice of the action within the statute of limitations; (3) the new party has received such notice that he will not be prejudiced in maintaining a defense on

[1]Former RCW 11.40.060, Laws of 1965, ch. 145 provides: "*Suit on Rejected Claim.* When a claim is rejected by either the personal representative or the court, the holder must bring suit in the proper court against the personal representative within thirty days after notification of the rejection, otherwise the claim shall be forever barred."

[2]CR 17(a) provides in pertinent part: ". . . No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest."

[3]CR 15(c) provides:

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."

the merits; and (4) the new party knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.[4]

■ In examining the estate's contention of improper party defendant, we note that CR 15(c) is to be liberally construed on the side of allowance of relation back of the amendment where the opposing party will be put to no disadvantage.[5] Modern rules of procedure are intended to allow the court to reach the merits, as opposed to disposition on technical niceties.[6]

Referring to the necessary elements for relation back enumerated above: (1) The amended complaint arises from the same rejected creditor claim. (2) The personal representative was served with a copy of the original complaint within 30 days of rejection, and entered a notice of appearance. (3) There has been no showing by the personal representative that the estate will be prejudiced in maintaining a defense on the merits. The estate did in fact receive actual notice of the action at the time of the original complaint.[7] (4) The personal representative was named in the prayer of the complaint, strongly suggesting that omission of her name in the caption was only an oversight. The requisites of CR 15(c) for relation back are present. The court committed no error in allowing the amended complaint to relate back to the date of the original pleading, in satisfaction of the 30-day limitation of action. The estate's pretrial motion to dismiss for improper party defendant was correctly denied.

■ Referring to the estate's second ground for dismissal, failure to prosecute within 1 year, CR 41(b)(1) provides for mandatory dismissal, where a "plaintiff ne-

[4] CR 15(c).

[5] *DeSantis v. Angelo Merlino & Sons, Inc.*, 71 Wn.2d 222, 224, 427 P.2d 728 (1967); 3 J. Moore, *Federal Practice* ¶ 15.15[4.-1.].

[6] *DeSantis v. Angelo Merlino & Sons, Inc.*, 71 Wn.2d 222, 225, 427 P.2d 728 (1967).

[7] *DeSantis v. Angelo Merlino & Sons, Inc.*, 71 Wn.2d 222, 225, 427 P.2d 728 (1967).

glects to note the action for trial or hearing within 1 year *after any issue of law or fact has been joined,* . . ." (Italics ours.) A review of the record shows that no answer was served in the present action until after the motion to dismiss had been denied. Because the issue had not been joined at the time of the estate's motion to dismiss, the motion was untimely and properly denied by the court.[8]

The estate also assigns error to allowance of the creditor claim made by Mr. Lind and the Preston Mill Co. The estate argues that the creditor's claim arose from a community debt which must be paid from community assets. The debt arises from a promissory note dated July 5, 1964, which provides:

> Dan G. Toner and Mary King Toner promise to pay to Fred Lind or Preston Mill . . . the sum of $9,000 . . .

/s/ Dan G. Toner

/s/ Mary K. Toner

The court found the debt to be the separate obligation of each spouse, as well as a community obligation, and ordered the debt paid from the decedent's separate assets. Each signature created a separate obligation in that spouse, as well as a presumptive community obligation.[9] Because separate debts are primarily payable from separate property, the court properly found decedent's separate property primarily liable for payment of the debt.[10]

Judgment of the Superior Court is affirmed.

GREEN and MUNSON, JJ., concur.

Petition for rehearing denied August 25, 1976.

Review denied by Supreme Court January 25, 1977.

---

[8] RCW 4.40.010; Comment following CR 7(d); *Burns v. Payne,* 60 Wn.2d 323, 325, 373 P.2d 790 (1962); *Craig v. Clearwater Concentrating Co.,* 21 Wn.2d 530, 533, 151 P.2d 828 (1944).

[9] *United States Lumber Co. v. McDonald,* 68 Wn.2d 741, 745-46, 415 P.2d 77 (1966); W. DeFuniak & M. Vaughn, *Principles of Community Property* § 159 (2d ed. 1971).

[10] *In re Schoenfeld's Estate,* 56 Wn.2d 197, 199, 351 P.2d 935 (1960); *In re Hill's Estate,* 6 Wash. 285, 289, 33 P. 585 (1893).