[No. 3556-5-III.   Division Three.   July 22, 1980.]

CORBIN DISTRICT PROPERTY OWNERS' ASSOCIATION, ET AL, *Respondents,* v. THE SPOKANE COUNTY BOARD OF ADJUSTMENT, ET AL, *Appellants.*

*Joseph A. Blumel* and *Twigg, Backman & Blumel,* for appellants.

*Donald C. Brockett, Prosecuting Attorney,* and *Richard M. George, Deputy,* for respondents.

McInturff, J.—The Hansens and Inland Asphalt Company appeal the denial of their motion to specially intervene for the purpose of filing a motion to dismiss an action for writ of certiorari brought by the respondents, Corbin District Property Owners' Association, against the Spokane County Board of Adjustment and its individual members.

This action concerns a sand pit located on property in the Spokane Valley. On August 22, 1978, the State of Washington filed a complaint against Inland Asphalt Co. (Inland) charging it with operating "a manufacturing use in an agricultural zone", *i.e.,* a sand and gravel pit, as prohibited by Spokane County Code § 4.04.140(b). The complaint was subsequently dismissed without prejudice when the prosecutor's office learned that Inland was leasing the property from the Hansens and that possible nonconforming use rights attached to the property.

On October 10, 1978, Inland filed an application with the Spokane County Zoning Adjuster for continuance of the nonconforming use. The application was denied. Inland then filed an appeal with the Spokane County Board of Adjustment (the Board). At the hearing the Hansens appeared and testified in support of the application. The Board reversed the decision of the zoning adjuster and established the appellants' right to a nonconforming use. On May 31, 1979, Corbin District Property Owners' Association (the Association) filed a petition for writ of certiorari

against the Board. Neither the Hansens nor Inland were named as parties to the review proceeding.

On July 13, 1979, the Hansens and Inland moved to specially intervene in the review proceeding for the purpose of filing a motion to dismiss on jurisdictional grounds. The court denied the motion and this appeal followed.[1]

ISSUE: Whether the motion to intervene was properly denied.

In *Veradale Valley Citizens' Planning Comm. v. Board of County Comm'rs,* 22 Wn. App. 229, 588 P.2d 750 (1978), we said at page 232:

> Procedural due process requires that an individual have notice and an opportunity to be heard before he can be deprived of an established property right. . . . It follows that a person who has acquired a valuable property right as a result of a favorable zoning administration decision must be given notice when judicial review of that decision is sought.

(Footnotes and citation omitted.)

We also held that the concept of procedural due process is embodied in our rules for superior court, specifically CR 19(a)(1) and (2)—joinder of indispensable parties. In *Veradale,* joinder of the successful plat sponsors and property owners was required because (1) complete relief could not be obtained in their absence, CR 19(a)(1); and (2) disposition of the action in their absence would impair their ability to protect their interests in the property. CR 19(a)(2). Here, the Hansens and Inland moved to specially intervene pursuant to CR 24(a)(2), the wording of which is almost identical to CR 19(a)(2).[2]

---

[1]In denying the motion the court said:

"For this court to grant the motion to intervene at this juncture in order for the intervenors to attack the court's jurisdiction, when the intervenors without dispute were heard before the Board, did not intervene, made application as far as Inland Asphalt is concerned for a declaration of preexisting nonconforming use, to me would be incongruous."

[2]CR 19(a)(2):

". . . *he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (A) as a practical*

■ CR 24(a)(2) provides, in pertinent part:

Upon timely application anyone shall be permitted to intervene in an action: . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Applying these criteria to the facts, the motion to specially intervene should have been granted. The application was made prior to the hearing and was therefore timely. The Hansens, as the owners of the property, and Inland, as the lessee and successful applicant, unquestionably claim an interest in the subject matter on review. Similarly, disposition in their absence may impair their ability to protect their interests. Finally, the Board of Adjustment, as the only named party, cannot adequately protect their interests because it acts as an impartial, quasi–judicial body with no legal interest in the outcome of the case. *Veradale, supra* at 234.

The Association argues that the Hansens have no right to intervene because they did not initiate the application process. This contention ignores their fundamental interest in these proceedings. The Hansens were present, testified, and their interests were actively represented at the hearings before the adjuster and the Board. The Association's denial of Inland's right to intervene is also without merit. Inland is a lessee of the property and the successful applicant

---

*matter impair or impede his ability to protect that interest* or (B) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action." (Italics ours.)

before the Board.[3]

The Hansens and Inland thus possess valuable property rights as a result of the Board's decision. They are entitled to be heard as they are most affected by the granting of the writ of review and therefore should be a party to any proceeding, the purpose of which is to invalidate or affect their interests. *Veradale, supra* at 233.[4]

The Association asks this court to declare the Board's decision void—as a taking of property without due process of law—because its proceedings were governed by *Robert's Rules of Order*. This issue is not properly before the court on Hansens' and Inland's petition for discretionary review. The trial court has not addressed this issue and the respondents filed no cross appeal.

Judgment of the Superior Court is reversed.

GREEN, C.J., and ROE, J., concur.

---

[3]The Association contends the record is devoid of any indication of Inland's interest in the property; but the property owners, Hansens, joined Inland in this proceeding and have never denied Inland's rights as a lessee of the property. In fact, in July 1979, Hansen and Inland entered into an agreement to make an exchange of real property which includes the property that is the subject of this litigation.

[4]Contrary to the Association's contention, the Board has indicated to the court that had Hansen and Inland failed to file a motion to intervene, it would have felt compelled to file a motion to join them as indispensable parties under CR 19.