[No. 3703-7-III. Division Three. November 13, 1980.]

G–3 PROPERTIES, INC., ET AL, *Appellants,* v. BOARD OF COUNTY COMMISSIONERS OF YAKIMA COUNTY, ET AL, *Respondents.*

*E. Fred Velikanje* and *Velikanje, Moore & Shore,* for appellants.

*Louis D. Fessler, Ronald F. Whitaker, Walters, Whitaker, Finney & Falk, Max Vincent,* and *Elofson, Vincent, Hurst, Crossland & Menke,* for respondents.

ROE, J.—Appellants, G–3 Properties, Inc., and Sun–Tides Vista Home Owners Association[1] appeal a dismissal of their writ of certiorari seeking review of Yakima County Board of Commissioners' preliminary plat approval granted to respondents Brown. The trial court, relying on *Veradale*

---

[1]Although Sun–Tides Vista Home Owners is a party to this appeal, for convenience we refer only to G–3 Properties as appellant.

*Valley Citizens' Planning Comm. v. Board of County Comm'rs,* 22 Wn. App. 229, 588 P.2d 750 (1978), held G–3 Properties had failed to join indispensable parties, the Browns, within the 30–day period, holding it was required by RCW 58.17.180.[2] The Browns cross–appeal alleging G–3 improperly served the board of commissioners. The first issue presented is whether the 30–day limitation period to apply for review is a bar to joining indispensable parties after that time period, even though the action was timely commenced.

Donald and Colista Brown submitted a proposal to subdivide approximately 29 acres of land in Yakima County into 44 residential lots.[3] After one hearing before the Yakima County Planning Commission and four hearings before the Yakima County Board of Commissioners, the board, on August 7, 1979, passed a resolution approving the preliminary plat. As a condition of approval, the board required the Browns to acquire a 50–foot easement to be used as a county road. A Yakima County ordinance makes approval of a preliminary plat effective for 12 months, which the commissioners may extend to a period not exceeding 18 months.

Ten days after the approving resolution, on August 17, 1979, G–3 filed a petition in Superior Court for issuance of a writ of certiorari directed to and naming the board of county commissioners. On that day the petition was served at the board's office and on the chairman of the board.

---

[2]The statute which governs writs of review of preliminary plat approval, RCW 58.17.180, provides in part:

"Any decision approving or disapproving any plat shall be reviewable for unlawful, arbitrary, capricious or corrupt action or nonaction by writ of review before the superior court of the county in which such matter is pending. . . . *Provided,* That application for a writ of review shall be made to the court within thirty days from any decision so to be reviewed."

[3]G–3's property adjoins the Browns' property. G–3 stockholders and their attorney appeared at the hearing before the board of county commissioners. Thus, the identity of the respective parties was known to all.

On September 13, 1979, the board moved to dismiss the writ because G–3 had failed to join necessary and indispensable parties, i.e., the Browns. On September 19, 1979, G–3 moved to join the Browns as owners and developers of the property.[4] This was 42 days after the original board action.

The Browns then filed a motion to dismiss for failure properly to serve the board and for failure to join them within the time required by RCW 58.17.180. On October 29, 1979, after two hearings, the court denied G–3's motion to join the Browns and also the Browns' motion to dismiss for failure properly to serve the county commissioners. However, it granted the Browns' motion to dismiss for failure to join them as necessary parties within the statutory time period. The court found Veradale constituted a bar to joinder of indispensable parties after the 30 days had expired and thus mandated a dismissal.

G–3 then filed a notice of appeal which the Browns moved to dismiss. On March 19, 1980, the Court of Appeals commissioner denied the motion and remanded the matter to the trial court to determine what, if any, prejudice the Browns had suffered as a result of G–3's failure to name them in the application. In response to this ruling, the court found the Browns had incurred costs of more than $10,000 in obtaining preliminary plat approval and were under time restrictions to obtain the road access required by the county commissioners.

In Veradale, a private association timely filed applications for writ of certiorari to challenge certain zoning and platting decisions of the Spokane County Board of Commissioners. The association did not join either the plat sponsors or owners of the property. Several months later, they moved to dismiss for failure to join necessary parties.

---

[4]Other parties were also named: the Brown–Taylor Co., alleged owner of a portion of the property sought to be developed, and three other individuals as mortgage holders of a lien against the water company's property. These parties are not a part of this appeal.

The association then attempted to serve the owners and sponsors. The trial court found the prejudice involved precluded joinder after the 30–day period for review set forth in RCW 58.17.180 had lapsed. This court affirmed, finding, since there was prejudice to the property owners in the delay, they could not be joined as necessary parties beyond the time mentioned in the statute.

Although it may appear that *Veradale* sets forth an absolute rule that failure to join necessary parties within 30 days is fatal to issuance of a writ of certiorari, a close reading of the case proves otherwise. The basis for the decision rests in equity. Several months had elapsed between application for the writ and service on the sponsors and owners. In that time the subdivisions had been completed. The failure of the association to join the owners was not based on neglect, but on an "apparently deliberate strategy."[5] *Veradale Valley Citizens' Planning Comm. v. Board of County Comm'rs, supra* at 238. Thus, it is clear that the equities in *Veradale* demanded a dismissal. If the *Veradale* language mandated dismissal if necessary parties were not joined within 30 days, discussion of the equities, pervasive in *Veradale,* would be unnecessary and surplusage.

CR 19(a)[6] requires joinder of parties who claim an interest in the subject of the action and are so situated that the

---

[5]The appellants in *Veradale* refused to join the plat sponsors, although they knew they were proceeding without them. The trial court found this was intentional, perhaps because the committee believed that filing the action would accomplish their goals, perhaps to avoid two bonds which the court had set at $100,000 each. *Veradale Valley Citizens' Planning Comm. v. Board of County Comm'rs, supra* at 238 n.10.

[6]CR 19(a):

"A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (A) as a practical matter impair or impede his ability to protect that interest or (B) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason

disposition of the action in their absence would impair or impede their ability to protect these interests. The *Veradale* court recognized the rule allows for liberal joinder at page 235:

> Ordinarily, joinder of additional defendants should be permitted; however, granting such relief *in this instance* would have the effect of extending the time period for review. Where the time period has run, making joinder not feasible, the court must then determine under CR 19(b) whether in equity and good conscience the action should nevertheless proceed or should be dismissed.

(Footnote omitted. Italics ours.) Although it appears that *Veradale* was dismissed for failure to join within 30 days, the court at page 235 makes it clear that it was the prejudice to the parties which required the dismissal: "Here, the factor of prejudice leads us to conclude that the action was properly dismissed."

 Although it is true that property owners are necessary parties to a review of a zoning decision, the statute does not require that all parties be served within 30 days. A writ of certiorari is a "special proceeding in which the [superior] court is acting in an appellate capacity." *Deschenes v. King County,* 83 Wn.2d 714, 716, 521 P.2d 1181 (1974). The rules of practice for special proceedings is the code of procedure concerning civil actions. RCW 7.16.340. Thus, we must look to the rules of civil procedure to determine the method for commencing a writ action and notifying necessary parties.

CR 3(a),[7] provides for commencement of an action when a complaint is filed or a summons served. Either of these

---

of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action."

[7] CR 3(a):

"Except as provided in Rule 4.1, a civil action is commenced by service of a copy of a summons together with a copy of a complaint, as provided in Rule 4 or by filing a complaint. Upon written demand by any other party, the plaintiff

acts will toll the statute of limitations as long as the other is completed within 90 days.[8] G–3 filed its application for the writ 10 days after the board's decision and within the 30–day statutory period. This was a sufficient tentative commencement of the action to allow for joinder after the 30 days had passed. *Citizens Interested in the Transfusion of Yesteryear v. Board of Regents*, 86 Wn.2d 323, 544 P.2d 740 (1976). *Veradale* did not apply the tentative commencement theory because it sought to preserve the finality of zoning decisions and to protect property owners who had been developing their land. The *Veradale* court found no exception in the statute for service after the 30 days and refused to make an exception *in that case*. The decision rests for us on equitable considerations: months had passed and substantial improvements had been made in reliance on the finality of that decision.

No such prejudice is involved here. G–3 moved to join the Browns as soon as the board moved to dismiss for failure to add the Browns as necessary parties. The only expense to the Browns was the $10,000 they had expended to receive preliminary plat approval and the fact that they had to begin a road onto the property. Neither of these

---

instituting the action shall pay the filing fee and file the summons and complaint within 14 days after service of the demand or the service shall be void. An action shall not be deemed commenced for the purpose of tolling any statute of limitations except as provided in RCW 4.16.170."

[8]RCW 4.16.170:

"For the purpose of tolling any statute of limitations an action shall be deemed commenced when the complaint is filed or summons is served whichever occurs first. If service has not been had on the defendant prior to the filing of the complaint, the plaintiff shall cause one or more of the defendants to be served personally, or commence service by publication within ninety days from the date of filing the complaint. If the action is commenced by service on one or more of the defendants or by publication, the plaintiff shall file the summons and complaint within ninety days from the date of service. If following service, the complaint is not so filed, or following filing, service is not so made, the action shall be deemed to not have been commenced for purposes of tolling the statute of limitations." *Cf. Hansen v. Watson*, 16 Wn. App. 891, 559 P.2d 1375 (1977); *Fox v. Groff*, 16 Wn. App. 893, 559 P.2d 1376 (1977).

events took place between the time G–3 filed its application and moved to join the Browns.

▪ A property owner may rely on the finality of a zoning decision until there is formal notice of an appeal from the decision. *Veradale Valley Citizens' Planning Comm. v. Board of County Comm'rs,* 22 Wn. App. 229, 236, 588 P.2d 750 (1978). Although G–3's counsel had informed the Browns' attorney of the petition for the writ as soon as it had been filed, actual knowledge is not sufficient to impart the statutory notice required to invoke a court's in personam jurisdiction. *Thayer v. Edmonds,* 8 Wn. App. 36, 40, 503 P.2d 1110 (1972). However, the Browns did nothing which prejudiced them in reliance on the preliminary decision in the 12 days before they received notice of the petition for the writ. If they had done so, it is that prejudice which might have allowed the court to dismiss the action under the authority of *Veradale.*

▪ It can be urged that CR 15(c)[9] also allows the naming of additional parties after the statute of limitations has run. As a general rule, an amendment which adds a new party will not be permitted once the limitation period has run; the purpose of the rule is to prevent prejudice to the added party. *Hill v. Withers,* 55 Wn.2d 462, 348 P.2d 218 (1960). However, there is an exception in favor of relation back when the new party has actual knowledge of the claim and the old and new parties have a sufficient identity of interests that it can be assumed or proved relation back is not prejudicial. *DeSantis v. Angelo Merlino & Sons, Inc.,*

---

[9]CR 15(c):

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."

71 Wn.2d 222, 224, 427 P.2d 728 (1967). *See also Ingram v. Kumar,* 585 F.2d 566 (2d Cir. 1978), *cert. denied,* 440 U.S. 940, 59 L. Ed. 2d 499, 99 S. Ct. 1289 (1979); *Craig v. United States,* 413 F.2d 854 (9th Cir. 1969). CR 15(c) is generally applied in cases of mistaken capacity, misnomer or oversight. *DeSantis v. Angelo Merlino & Sons, Inc., supra; Lind v. Frick,* 15 Wn. App. 614, 550 P.2d 709 (1976). Here, as soon as the attorney for G–3 became aware that *Veradale* might be construed to require a joinder of the property owners, he moved to join the Browns. The Browns had actual knowledge of the petition for review and were not prejudiced by the delay in being named. Thus, G–3 should have been allowed to name the Browns as additional parties and the amendment should have related back to the time of the original petition.[10]

The essence of the *Veradale* decision is prejudice and estoppel. In view of the liberal policy of joinder and amendment of pleadings and the absolute lack of prejudice to the Browns, we hold the request for joinder within 12 days of the time period for filing the petition timely. The factors of prejudice which were present in *Veradale* and lacking here must always be considered in deciding whether there may be joinder of necessary parties after the 30–day

---

[10]In *Meadowdale Neighborhood Comm. v. Edmonds,* 27 Wn. App. 261, 616 P.2d 1257 (1980), as in this case, an action was commenced appealing a determination in a zoning matter. There, also, the owner of the property was not served within 30 days. In a motion to dismiss by the City of Edmonds, the trial court, agreeing that the owner was a necessary party, allowed the petitioner to amend its petition under CR 15(c) to join the owner, a necessary party, and relate it back to the date of the timely filing of the action against the City. Ultimately the appeal was dismissed because it was found that there had not been proper service on the Mayor of the City of Edmonds. The court stated at page 270 in a refusal to decide whether the owner was properly joined:

> Because the City of Edmonds was not properly served, we need not discuss the relation–back issue except to note that in the absence of proper service within the applicable time limit, there is nothing to which the amendment naming Sierra West [the owner] could relate back.

By implication, had there been timely service on a necessary party, then the joinder of the owner could arguably relate back, which is in harmony with the conclusion of the case at bench.

period has run. While the considerations will not always be the same, there must always be the presence of prejudice before the action can be dismissed.

We reverse the trial court's granting of the Browns' motion to dismiss for failure to join necessary parties within 30 days.[11]

■ On cross appeal, the Browns contend the trial court erred in not dismissing because proper service was never made on all the commissioners. The Browns' affidavit states only one commissioner was actually served. Apparently G–3 served the board by leaving several copies of the writ with the commissioner's secretary who is also the clerk of the board. We find no merit to the Browns' contention the service was inadequate since the County has appeared in this action, thus waiving any issue of proper notice. *See Sanders v. Sanders,* 63 Wn.2d 709, 388 P.2d 942 (1964); *Holmes v. Toothaker,* 52 Wn.2d 574, 328 P.2d 146 (1958); CR 4(d)(5).

It is also questionable whether the Browns are in a position to challenge service on the County when the County itself does not raise the issue. We affirm the trial court's denial of the Browns' motion to dismiss for improper service on the County.

Affirmed in part, reversed in part.

GREEN, C.J., concurs.

MUNSON, J. (dissenting)—I would reaffirm the principle set forth in *Veradale Valley Citizens' Planning Comm. v. Board of County Comm'rs,* 22 Wn. App. 229, 558 P.2d 750 (1978). One who has been granted a property right—approval of a preliminary plat—has a right to expect finality of that action if an application for writ of review,

---

[11]*See Corbin Dist. Property Owners' Ass'n v. Spokane County Bd. of Adjustment,* 26 Wn. App. 913, 614 P.2d 1313 (1980), which presented an alternative procedure whereby necessary and indispensable parties who were not joined sought to intervene for the purpose of exercising their rights under CR 12(b)(2) and, thus, is not inconsistent with this opinion.

although made within 30 days after approval, does not name the landowner. The landowner who has not been named as a party in a review proceeding, at the expiration of that time, may proceed with the development of the property. *Deschenes v. King County,* 83 Wn.2d 714, 521 P.2d 1181 (1974).

The majority perceives *Veradale* in terms of a discussion of the equities and that the "essence of the *Veradale* decision is prejudice and estoppel." I perceive *Veradale* in none of these terms. Here, as in *Veradale,* the writ of certiorari brought by the petitioners did not name the owners of the property. The 30–day period for commencement of review outlined in RCW 58.17.180, expired without naming the owners. *Veradale* held the owners of the property who had either been the instituting applicants of a proposed plat or obviously had a vested interest in its approval were indispensable parties to the action. Four factors were set forth in reaching that result:

> (1) The successful property owner–applicant is a necessary party because he is "most affected" by the granting of the writ of review, and he should be a party to any proceeding, the purpose of which is to invalidate or affect his interests. . . . (2) As a quasi–judicial body, a zoning board has no legal interest in the ultimate decision, but represents the public interest, and is primarily concerned with assisting the court to make a proper judgment. . . . By contrast, a property owner would have a very real interest in opposing the demands of others who seek to reverse the decision of the zoning board on appeal. (3) There is nothing in the statutes concerning the writ of certiorari to indicate that an adversary proceeding is not contemplated. (4) A judgment made by the court in a review by certiorari would not be binding upon the property owners who were not made parties, and it, therefore, could not take away the property interests they have established under our zoning laws.

(Footnote and citations omitted.) *Veradale Valley Citizens' Planning Comm. v. Board of County Comm'rs, supra* at 232–33.

I construe the 30–day period within which to bring a writ of review as a statute of limitations. A writ not brought within that time should not be heard. It is not proper to join subsequent to the running of the 30–day period a party whose identity is known and whose interest under *Veradale* makes him an indispensable party. *See Hill v. Withers,* 55 Wn.2d 462, 348 P.2d 218 (1960).

The majority holds that while RCW 58.17.180 requires an application for writ of review to be *filed* within the 30–day period, RCW 7.16, concerning writs, does not require service within that period. The use of a writ of certiorari has been expanded beyond its concept as envisioned in 1895. Today it is used in administrative law matters never conceived in the nineteenth century.

Notwithstanding, the issue of service is not well taken. Even if the Browns had been served, not being named in the proceeding, the service would have done no more than make them aware of the proceeding. They candidly admit they were already aware of the proceeding, but not being named as parties they had no burden to answer. *Meadowdale Neighborhood Comm. v. Edmonds,* 27 Wn. App. 261, 268, 616 P.2d 1257 (1980), acknowledges there was no duty to intervene in the absence of being a named party. Thus, the tentative commencement doctrine which has grown out of RCW 4.16, as discussed in *Citizens Interested in the Transfusion of Yesteryear v. Board of Regents,* 86 Wn.2d 323, 544 P.2d 740 (1976); *Fox v. Groff,* 16 Wn. App. 893, 559 P.2d 1376 (1977); *Hansen v. Watson,* 16 Wn. App. 891, 559 P.2d 1375 (1977), does not apply.[12] Rather, the general rule is that once the time for filing an action has expired, the effect of such joinder is to extend the statute of limitations. *See* Annot., *Change in Party After Statute of Limitations Has Run,* 8 A.L.R.2d 6, 112–18, §§ 53, 54 (1949).

The majority then speaks to CR 19(a) regarding joinder. *Veradale* at page 234 analyzed that rule and concluded:

---

[12]Had the Browns been named but not served, we might have a different question.

"Here, complete relief cannot be obtained when the Board [of county commissioners] is the only named respondent." *Veradale* at page 235 further held:

> Ordinarily, joinder of additional defendants should be permitted; however, granting such relief in this instance would have the effect of extending the time period for review. Where the time period has run, making joinder not feasible, the court must then determine under CR 19(b) whether in equity and good conscience the action should nevertheless proceed or should be dismissed.

(Footnote omitted.)

CR 19(b) does take into consideration prejudice and equity, but only in the context of whether the case should proceed in the absence of the indispensable parties; *Veradale* concluded that it should not. Here, no homes had been constructed and the only affirmative action taken was the commencement and resolution of a private condemnation action (presently before this court on appeal). But the basic issue does not go away: to proceed without the property owners would not and could not resolve their interests. In fairness and equity, the matter should not proceed; CR 19 is not applicable.

Next, the majority analyzes CR 15(c) which in some instances would allow the naming of additional parties after a statute of limitations has run. There are two conditions to be satisfied before that rule is applicable:

> [T]he party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

The first condition may be satisfied here; the Browns knew the action had been instituted. However, the second condition has not been met; there is no mistake concerning the identity of the proper parties. G–3 Properties and the Browns own neighboring properties and both parties attended at least some of the hearings before the board of county commissioners.

G–3 Properties knew the identity of the owners of the property seeking plat approval. This is not a misnomer or mistaken identity situation.

In footnote 10 to the majority opinion is an implication that the court in *Meadowdale* might have adopted the relation back theory had there been timely service upon a necessary party. I question that assumption. In *Meadowdale Neighborhood Comm. v. Edmonds, supra* at 270, the court said it would not discuss the relation back "except to note that in the absence of proper service within the applicable time limit, there is nothing to which the amendment . . . could relate back." Nonetheless, a party who was not named within the 30 days has a right to rely upon the nonjoinder in concluding no review will be brought after that period has expired under RCW 58.17.180.

The relation back theory was discussed in *Veradale* at page 238 and held inapplicable.

> First, the appellants are attempting to introduce and not substitute a new party to the proceedings long after the statutory time period for review has passed. Second, the appellants were not misled as to the identity of either the plat sponsor or the landowner. . . . Finally, the factor of prejudice cannot be discounted since all three subdivision sites are now complete. Thus, we conclude that the relation–back doctrine under CR 15(c) is not available.

Here, there has been no completion of any subdivision, but the first two reasons are applicable; the Browns were not parties and no one was misled as to their identities. Respondents need not meet each of the three factors; two out of three is sufficient.

G–3 Properties also contends that CR 6(b)[13] is applicable, citing *Andrus v. County of Snohomish,* 8 Wn. App.

---

[13]CR 6(b):

"When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion, (1) with or without motion or notice, order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or, (2) upon motion made after the expiration of the specified period, permit the act to be

502, 507 P.2d 898 (1973). I disagree. In *Andrus* at page 507, the court set forth the procedures outlined in RCW 7.16 governing the procedure for writs of certiorari and then stated:

> CR 6(b) grants to the superior court the discretion to enlarge a time of performance requirement in a court order, not performed within the time specified because of excusable neglect, when a motion is made for enlargement after the expiration of the specified period. We read the record before us as presenting such a motion to the trial court.

Here, no request for a court order extending time is involved, nor was the failure to join the Browns within the 30-day period excusable neglect. CR 6(b) is inapplicable.

As to the cross appeal, I would concur with the majority and affirm the trial court's denial of the Browns' motion to dismiss for improper service. On the remaining issue, I would affirm.

Reconsideration denied December 2, 1980.

Review granted by Supreme Court January 30, 1981.

done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rules 50(b), 52(b), 59(b), 59(d), and 60(b)."