[No. 25274.    Department Two.    December 7, 1934.]

GUY LACKEY, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent*.[1]

*Kenneth Durham*, for appellant.

*The Attorney General* and *Browder Brown, Assistant*, for respondent.

BEALS, C. J.—Guy Lackey, while engaged in extra-hazardous work as a cooper, October 3, 1932, suffered an injury to his right sacro-iliac joint. His claim was allowed by the department, which paid him compensation based upon total disability from October 7 to November 10 following, when the supervisor closed the claim. It does not appear that it was then suggested that Mr. Lackey was suffering from any preexisting disease.

On his petition, the matter was reheard before the joint board, which, after some time and considerable

[1]Reported in 38 P. (2d) 345.

investigation, modified the supervisor's closing order by allowing ninety dollars for three degrees permanent partial disability, the board finding that the claimant was suffering from a preexisting disability due to certain foci infection which had delayed his recovery. From the order of the joint board, Mr. Lackey appealed to the superior court, which, after a hearing, entered findings of fact and conclusions of law in accord with the order of the joint board. From a judgment in the department's favor, claimant has appealed to this court.

Appellant argues that the record does not support the findings of the trial court to the effect that, at the time of his injury, he was suffering from a preexisting disease which delayed and retarded his recovery; that his condition was fixed November 10, 1932; that he was correctly classified as permanently partially disabled on that date; or that he was entitled to an award of no more than three degrees on account of permanent partial disability.

Testimony introduced on behalf of appellant indicates that he had been steadily employed for some time prior to his injury, earning four dollars a day, and that he had never suffered from pains in his back or from rheumatism or lumbago. Two physicians examined appellant March 22, 1933. One of these doctors stated that, in his opinion, we all have foci of infection—"any human being has that." The other doctor stated:

"We felt that any disability, or any sprain that he may have suffered as a result of the accident that he gave a history of, was well; but that he might be suffering from the residual symptoms of focus of infection that may have delayed the process somewhat."

One of the examining physicians, referring to his examination of appellant in March, 1933, in answer to

a question as to whether or not appellant was suffering from any permanent partial disability, replied: "I think we gave him three degrees for pain."

We find no basis in the record which would justify any award for permanent partial disability upon any basis such as "pain." Assuming that a case might exist in which a claimant might receive such an award, it does not appear that, by any process of reasoning, the case at bar can be so classified.

Neither does the record support a finding to the effect that appellant's condition was fixed November 10, 1932. It seems clear that appellant was entitled to compensation, total or partial, for some period of time loss after that date.

The judgment appealed from is reversed, with directions to the superior court to remand the cause to the department, with directions to vacate its prior order and make such further allowance to appellant for the time loss or permanent partial disability as, after the taking of further evidence, if desired, it may appear that appellant is entitled to receive.

MITCHELL, HOLCOMB, STEINERT, and BLAKE, JJ., concur.