[No. 34836. Department One. October 1, 1959.]

ARTHUR W. CHOATE *et al., Respondents,* v. LAURENCE E. SWANSON *et al., Appellants.*[1]

[1]Reported in 344 P. (2d) 502.

*Karr, Tuttle & Campbell* and *Robert D. Morrow,* for appellants.

*Fred T. Smart,* for respondents.

OTT, J.—The traffic signals at the intersection of 205th avenue north (secondary state highway No. 2-B) with Aurora avenue (primary state highway No. 1), in King county, as shown by the accompanying diagram, serve a dual purpose of (1) regulating traffic on Aurora avenue as it approaches the intersection from the north, south, east, and west, and (2) directing all such traffic destined for Edmonds into the Edmonds storage lane for a left turn off of Aurora avenue.

Those whose destination is Edmonds, and who are approaching on Aurora avenue from the south on the inside lane of travel, are confronted, at the intersection, by a flashing red light, as well as by a four-way red and green signal light which regulates traffic approaching from the north and south on Aurora avenue, and from the east and west on 205th avenue north, and which also permits right and left-hand turns onto 205th avenue north and Aurora avenue.

Those whose destination is Edmonds, and who are approaching the intersection from the east on 205th avenue north, have two courses of travel available: (1) crossing Aurora avenue diagonally to the Edmonds storage lane from the northbound lane on 205th avenue north, or (2) making a right-angle turn near the center of Aurora avenue from the through lane on 205th avenue north and proceeding into the storage lane.

The intersection shown in the diagram was the situs of the automobile collision involved in this appeal.

At approximately 10:00 p. m., March 16, 1957, Mrs. Thelma L. Choate was operating the family automobile in a westerly direction on 205th avenue north. As she approached the intersection of 205th avenue north with Aurora avenue, she followed the state highway road sign which directed traffic traveling north toward Everett into the extreme right-hand lane. Her destination was the city of Edmonds. She stopped at the intersection and, when the green directional arrow flashed on for traffic northbound toward Everett, she proceeded at a rate of speed between five and ten miles an hour diagonally across Aurora avenue into the inside lane for northbound traffic, being the storage lane for automobiles traveling to Edmonds. As she entered the storage lane (at the point marked "X" on the diagram), the left side of her automobile was struck on the rear wheel and rear door by an automobile driven by Cecilia H. Swanson, who just previously had been traveling north on the inside lane on Aurora avenue and was likewise proceeding into the Edmonds storage lane.

Traffic on the lane being travelled by Mrs. Swanson was controlled by a flashing red signal at the center of the intersection, and by a four-way red and green signal, as above described and as shown on the diagram.

Arthur W. Choate and Thelma L. Choate, husband and wife, commenced this action against Laurence E. Swanson and Cecilia H. Swanson, husband and wife, to recover for damages they suffered as a result of the alleged negligence of Cecilia H. Swanson in her operation of their family automobile.

The defendants denied liability and cross-complained for their damages from the Choates for the alleged negligence of the driver of the Choate automobile. The reply denied the affirmative matters pleaded and the alleged negligence pleaded in the cross-complaint.

The cause was tried to the court, sitting without a jury. From a judgment in favor of the plaintiffs, and the dis-

missal of defendants' cross-complaint, the defendants have appealed.

The wives will hereinafter be referred to as though they were the sole parties involved.

Appellant's principal assignments of error relate to the trial court's findings of fact Nos. 5 and 6, which are as follows:

Finding of fact No. 5: "Immediately prior to the collision, the defendant had been driving northerly on Highway 99; as she approached this intersection, she took the storage lane for the Edmonds Cut-off; that traffic device facing her was displaying a flashing red light; she either failed to stop or she stopped and proceeded into the intersection in a reckless manner, failing to look out for other automobiles in the intersection and failing to look out for and avoid a collision with the plaintiffs' automobile which was then and there in front of her and a little to her right and when said plaintiffs' automobile should have been clearly visible to defendant, and when she could have avoided said collision with the exercise of reasonable care."

Finding of fact No. 6: "Defendant was guilty of negligence and such negligence was the proximate and sole cause of the said collision and the resultant injuries and property damage to the plaintiff as hereinafter set out; plaintiff was not guilty of any contributory negligence which proximately contributed to said collision or to the said resultant injuries or damages."

■ In addition to the observance of RCW 46.60 (rules of the road) and RCW 46.48.010 which governed both drivers, the appellant, Cecilia H. Swanson, in approaching the flashing red light, was confronted with the duty of exercising the additional degree of care required by RCW 46-.60.230 and 47.36.110, which read in part as follows:

RCW 46.60.230: "Whenever, at any point, traffic is controlled by traffic control signals exhibiting the words 'Go,' 'Caution,' or 'Stop' or exhibiting different colored lights, the following words or colors only shall be used and shall indicate as follows: . . .

"Flashing red: When a red lens is illuminated by rapid intermittent flashes, drivers of vehicles shall stop before entering the nearest crosswalk at an intersection or at a stop line when marked, and the right to proceed shall be

subject to the rules applicable after making a stop at a stop sign. . . ."

RCW 47.36.110: ". . . All persons traveling upon the highway shall come to a complete stop at such a sign [stop sign] and the appearance of any sign so located shall be sufficient warning to a person that he is required to stop. A person stopping at such a sign shall proceed through such portion of the highway in a careful manner and at a reasonable rate of speed not to exceed twenty miles per hour. . . ."

Likewise, respondent, Thelma L. Choate, in proceeding upon the green directional arrow signal, was to exercise the additional degree of care required by RCW 46.60.230 which provides:

". . . Red or the word 'Stop' with green arrow: Vehicular traffic facing such signal may cautiously enter the intersection only to make the movement indicated by such arrow, but shall yield the right of way to pedestrians lawfully within a crosswalk and to other traffic lawfully using the intersection. . . ."

Whether, upon the flashing of the green arrow signal, respondent Choate "cautiously" entered the intersection and did "yield the right of way . . . to other traffic lawfully using the intersection," and whether appellant Swanson stopped at the flashing red signal and, thereafter, proceeded through the intersection "in a careful manner and at a reasonable rate of speed," are factual determinations upon which the minds of reasonable men could differ. The testimony of the witnesses was in sharp conflict. If both were to be believed, the accident could not have occurred because, according to their statements, both automobiles were being operated in strict compliance with the rules of the road and the statutes involved.

Where, as here, the evidence is conflicting, the trial court determines the facts. See *Holmes v. Toothaker,* 52 Wn. (2d) 574, 576, 328 P. (2d) 146 (1958), and case cited. We will not disturb the trial court's findings, upon our review, unless there is either no substantial evidence in the record to sustain them or the evidence preponderates against them. *Berger Engineering Co. v. Hopkins, ante* p.

300, 308, 340 P. (2d) 777 (1959), and cases cited; *Drake v. Smith, ante* p. 57, 60, 337 P. (2d) 1059. (1959),. and case cited; *Wise v. Farden,* 53 Wn. (2d) 162, 166, 332 P. (2d) 454 (1958), and cases cited; *Williams Tilt-up Contractors v. Schmid,* 52 Wn. (2d) 429, 430, 326 P. (2d) 41 (1958), and case cited. The questioned findings are amply supported by the record.

Appellant next contends that respondent's course of travel to reach the Edmonds storage lane from 205th avenue north required that she travel on the through lane on 205th avenue north and, upon the flashing of the green signal light in the center of Aurora avenue, proceed to the center of Aurora avenue and make a right-angle turn at the intersection into the inside lane on Aurora avenue leading to the Edmonds storage lane.

Although the suggested course was one of two available to her, the respondent was not obligated by any highway sign or marker to use it to the exclusion of the route she did drive. The route she chose permitted northbound traffic to proceed upon the green arrow signal; challenging traffic from the south was stopped by a flashing red signal; there were no barriers indicating that her course of travel was prohibited, and the shortened north barrier to the Edmonds storage lane was an open invitation to those approaching from the east and traveling north to drive in.

We find no merit in appellant's contention that respondent was guilty of negligence in selecting her course of travel.

Finally, appellant contends that she was denied a fair trial because the trial judge was familiar with the intersection, and this personal knowledge and experience influenced his decision.

We find no merit in this assignment for two reasons: (1) Early in the trial, and several times during the trial, the judge mentioned his familiarity with the physical characteristics of the intersection. Appellant made no objection to his proceeding with the trial. She undoubtedly would have accepted a favorable judgment. Under such facts, one cannot gamble on a favorable decision and complain

when it is adverse. See *Nelson v. Martinson,* 52 Wn. (2d) 684, 689, 328 P. (2d) 703 (1958); *Holmes v. Toothaker, supra,* p. 580, and case cited.

(2) The trial judge, in announcing the decision, disregarded his personal knowledge and said: ". . . But casting aside my own views on it and the fact I am familiar with it, this is the way I look at it: . . ."

The judgment is affirmed.

WEAVER, C. J., DONWORTH, ROSELLINI, and HUNTER, JJ., concur.

