[No. 36916. Department One. April 16, 1964.]

PEND OREILLE MINES & METALS Co., *Appellant*, v. THE
DEPARTMENT OF LABOR AND INDUSTRIES *et al.*,
*Respondents.**

*Witherspoon, Kelley, Davenport & Toole,* by *E. Glenn
Harmon,* for appellant.

*The Attorney General, Robert O. Wells, Jr.,* and *Ronald
H. Mentele, Assistants,* for respondent Department of La-
bor and Industries.

*Delay & Curran,* by *Joseph P. Delay* and *J. Donald Cur-
ran,* for respondent Reiber.

HUNTER, J.—Emil Reiber, defendant (respondent), while
in the employ of Pend Oreille Mines & Metals Company,
plaintiff (appellant), suffered a spontaneous pneumothorax
or collapsed right lung on July 15, 1957. His claim, filed
with the Department of Labor and Industries, defendant
(respondent), was allowed, and he was permitted to draw

*Reported in 391 P. (2d) 210.

monthly time loss payments as a temporarily totally disabled workman.

The facts are undisputed. By early 1961, Mr. Reiber's condition had deteriorated to the point where he was completely and permanently unemployable, with no possibility that he would ever recover enough even to do "odd jobs." His physician testified that Reiber was suffering from "advanced bilateral silicosis with extensive fibrosis and emphysema"; that his condition would not improve and was becoming progressively worse.

Pend Oreille Mines & Metals Company appealed to the Board of Industrial Insurance Appeals from two time loss orders, dated February 7, 1961, and March 6, 1961. It was the employer's position that the claim should be closed and the workman should be classified as permanently and totally disabled. The employer would thereupon be relieved from certain contributions to the department's medical aid fund. The statutory authority of the department to provide medical care ceases when the workman is classified as permanently totally disabled and he is given a lump sum settlement or is placed upon the permanent pension roll. RCW 51.36.010. The department had classified the workman as temporarily totally disabled and had retained administrative jurisdiction to provide the necessary medical care.

The Board of Industrial Insurance Appeals sustained the time loss orders, and the employer appealed to the superior court. The workman died, and his widow was substituted as party defendant. The order of the board was sustained by the superior court and this appeal followed.

■ The employer contends that once the workman's condition has passed the point where he will never be employable again, his condition is properly defined as "permanent total disability" and not "temporary total disability." Here there was no possibility that future medical attention would, in any way, make this disability other than permanent and total. The workman unquestionably came within the definition of permanent total disability as defined in RCW 51.08.160:

" 'Permanent total disability' means loss of both legs, or arms, or one leg and one arm, total loss of eyesight, paralysis or other condition permanently incapacitating the workman from performing any work at any gainful occupation." (Italics ours.)

It is clear that if a permanently disabled workman is given a lump sum settlement or is placed on the pension roll, the moment he comes under this definition of permanent total disability, he conceivably could be denied medical care and attention when he is in the greatest need since the right to medical aid under the act would terminate at that time. Such a construction would make the act an absurdity by emasculating one of its primary objectives of providing sure and certain relief for workmen, injured in extrahazardous work. RCW 51.04.010. This constitutes a hiatus in the act since there is no express provision as to the time a workman must be classified as permanently and totally disabled. Considering the act in its entirety, it is implicit that a workman who sustained an industrial injury is entitled to receive medical care and attention as may reasonably be required. The act should therefore be construed, in the light of its declared purpose and intent, by providing that a workman may not be rated for permanent total disability until his condition becomes static or fixed, thereby affording him beneficial care and treatment from the time of his injury.

We properly construed the act in the case of *Franks v. Department of Labor & Industries,* 35 Wn. (2d) 763, 215 P. (2d) 416 (1950). We there said:

" . . . Usually, during a period of temporary total disability, the workman is undergoing treatment. In any event, such classification contemplates that eventually there will be either complete recovery or an impaired bodily condition which is static. Until one or the other of these conditions is reached, the statutory classification is temporary total disability. . . ."

See *Miller v. Department of Labor & Industries,* 200 Wash. 674, 94 P. (2d) 764 (1939); *Lackey v. Department of Labor & Industries,* 179 Wash. 594, 38 P. (2d) 345 (1934); *Ray v.*

*Department of Labor & Industries,* 177 Wash. 687, 33 P. (2d) 375 (1934).

The judgment of the trial court is affirmed.

OTT, C. J., HILL, ROSELLINI, and HALE, JJ., concur.