[No. 45174.   En Banc.   July 6, 1978.]

LOUISE U. HILL, *Respondent,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant.*

*Slade Gorton, Attorney General*, and *Tracy B. Madole, Jr., Assistant*, for appellant.

*Norman W. Cohen* and *Graham, Cohen, Wampold, Wesley & Munro*, for respondent.

DOLLIVER, J.—In September 1970, plaintiff was injured and in due course filed an industrial insurance claim with defendant. The claim was accepted and plaintiff received medical treatment and other benefits under the industrial insurance act (RCW Title 51). On July 24, 1973, an order and notice was filed by the supervisor of industrial insurance of the Department of Labor and Industries (Department) closing the claim. At that time, Phillip T. Bork was supervisor of industrial insurance. His preprinted name and title and his signature appeared on the order and notice

followed by a blank where the name of the person actually handling the case was typewritten with her signature on the original document.

On July 31, 1973, Bork left his position with the Department and became Chairman of the Board of Industrial Insurance Appeals (Board). On August 15, 1973, plaintiff appealed her claim to the Board, claiming disability greater than was allowed by the Department. At the time of this appeal, plaintiff, through her attorney, knew Bork was supervisor of industrial insurance at the time her claim was closed as well as Chairman of the Board of Industrial Insurance Appeals at the time her appeal was filed and at all times during the appeals process. On July 16, 1974, a hearing examiner for the Board sustained the Department. On August 15, 1974, plaintiff appealed to the Board. The Board, on May 19, 1975, by a 2-to-1 decision, upheld the Department. Bork voted with the majority.

Plaintiff then appealed to the Superior Court. On July 8, 1976, shortly after the jury was impaneled, plaintiff for the first time raised a question regarding participation by Bork in the Board's determination. On September 23, 1976, the trial court set aside the decision of the Board, remanded the matter to the Board, ordered the Board to consider the claim without participation by Bork and ordered the appointment of a chairman pro tempore of the Board. From this decision, defendant appeals.

Three questions are presented: (1) Did plaintiff's knowledge of the alleged dual capacity of Bork and her failure to assert this conflict in the administrative proceedings constitute a waiver of the objection? (2) Does the fact that Bork was the supervisor of industrial insurance at the time the claim was closed violate the appearance of fairness? (3) May the Superior Court appoint a chairman pro tempore of the Board of Industrial Insurance Appeals? We answer the first question in the affirmative, the other two in the negative, reverse the trial court, and remand to that court for proceedings not inconsistent with this opinion.

## I

Plaintiff raises two arguments in support of her position that there was no waiver of objection to Bork's dual capacity. First she contends that she was not personally aware of Bork's two positions. While this may be true, it is immaterial. At all times before the Board and the Superior Court, she was represented by present counsel. Counsel has acknowledged he was aware of Bork's dual capacity. Knowledge by the attorney is imputed to the client. *Yakima Fin. Corp. v. Thompson,* 171 Wash. 309, 318, 17 P.2d 908 (1933); *Stubbe v. Stangler,* 157 Wash. 283, 288 P. 916 (1930).

Plaintiff next claims that, since appeal to the Board was mandatory and there is no statutory procedure for an "affidavit of prejudice" to the Board, she had no choice but to follow the statutory procedures and could bring up the matter of dual capacity only before the Superior Court.

The argument is not persuasive. At no time at any Board proceeding did plaintiff or her counsel request or demand that Mr. Bork not participate, nor was the alleged disability raised in any way. Furthermore, no attempt was made to obtain an extraordinary writ to prevent Bork from participating. While it may be true that no specific "affidavit of prejudice" is provided for in the industrial insurance statutes, the statutes do clearly provide that any objections and irregularities not contained in the petition to the Board for review are deemed waived.

RCW 51.52.104 provides, in pertinent part:

Such petition for review shall set forth in detail the grounds therefor and the party or parties filing the same shall be deemed to have waived all objections or irregularities not specifically set forth therein.

Plaintiff raised no objections and pointed out no irregularities.

The same common–law rules of disqualification for conflict of interest as apply to judges also apply to administrative tribunals (*Chicago, M., St. P. & Pac. R.R. v. State Human Rights Comm'n,* 87 Wn.2d 802, 807, 557 P.2d 307

(1976)), but the objection must be raised or it will be deemed waived. *See Leschi Improvement Council v. State Highway Comm'n,* 84 Wn.2d 271, 274, 525 P.2d 774 (1974).

The basis of the requirement that objections of prejudice be raised in a timely fashion was well expressed in *Choate v. Swanson,* 54 Wn.2d 710, 716–17, 344 P.2d 502 (1959). In that case, an action for damages resulting from an automobile collision, was tried before a superior court judge who was familiar with the intersection where the accident occurred. The losing party appealed, alleging denial of a fair trial because of the judge's knowledge of the intersection. We stated:

> We find no merit in this assignment. . . . Early in the trial, and several times during the trial, the judge mentioned his familiarity with the physical characteristics of the intersection. Appellant made no objection to his proceeding with the trial. She undoubtedly would have accepted a favorable judgment. Under such facts, one cannot gamble on a favorable decision and complain when it is adverse.

(Citations omitted.)

Plaintiff, with full knowledge of the alleged irregularity, failed to object at any point in the administrative process. The right to raise the question before the Superior Court has been waived.

## II

Even though the holding that plaintiff waived her right to object to Bork is sufficient to dispose of the case, we believe we should consider the question of the application of the appearance of fairness doctrine to this case.

In an uncontroverted affidavit Bork declared that (1) he did not personally have knowledge of or participate in the adjudication of plaintiff's claim when it was before the Department; (2) he did not actually sign the order closing plaintiff's claim, but that the signature was preprinted on hundreds of thousands of blank forms, and the actual authenticating signature was that of a claims examiner acting at the direction of the claims adjudicator responsible for

the particular claim; (3) in 1973 the Department issued more than 150,000 final orders closing claims; (4) he was on vacation at the time the order was issued closing plaintiff's claim; and (5) at the time plaintiff's appeal came before the Board he had no prior knowledge of or recollection of her claim before the Department.

■ In light of these uncontroverted facts, was there a violation of the doctrine of the appearance of fairness? In discussing the appearance of fairness, we have enunciated the following test as a prerequisite to the application of the doctrine: Whether a disinterested person being apprised of the totality of a board member's personal interest in a matter being acted upon would be reasonably justified in thinking partiality may exist. *Swift v. Island County*, 87 Wn.2d 348, 552 P.2d 175 (1976); *Save a Valuable Environment v. Bothell*, 89 Wn.2d 862, 576 P.2d 401 (1978).

Given the uncontroverted affidavit of Bork and the facts in this case, can it fairly be said that, knowing the facts, a "disinterested person" could be "reasonably justified" in thinking partiality existed? We do not believe so. Other than the happenstance of a facsimile signature, there is literally nothing that points to partiality on the part of Bork and there is substantial and compelling evidence which points to impartiality.

Plaintiff, while asserting the doctrine of appearance of fairness, has failed to demonstrate it should be applied.

### III

■ Finally, we find nothing in the statutes, case law or the doctrine of inherent judicial power to justify the removal by the Superior Court of the Chairman of the Board of Industrial Insurance Appeals and the appointment of a pro tempore member for purposes of considering this case. The exclusive method of appointment to the Board is contained in RCW 51.52.010 which specifies that "All appointments to the board shall be made in conformity with the foregoing plan [contained in the statute]." Furthermore, RCW 51.52.040 provides the exclusive

method for removal of a Board member. Neither the unilateral appointment to nor the removal from the Board by a superior court judge is contemplated or allowed by the statute.

Reversed and remanded for further proceedings.

WRIGHT, C.J., and ROSELLINI, HAMILTON, BRACHTENBACH, HOROWITZ, and HICKS, JJ., concur.

STAFFORD, J. (concurring)—I concur with Sections I and III of the majority opinion. I concur only in the result reached in Section II. First, Section II is pure dicta. Second, while I agree appellant's "appearance of fairness" claim should be rejected, it should not be done by focusing upon the absence of *actual* partiality on the part of Bork. Such does not deal with "appearance of fairness". At best it is a rejection based upon the merits of a bias claim. *If* we are to consider the "appearance of fairness" claim and reject it, we should do so on a proper basis, *i.e.,* that a disinterested person would not be *reasonably justified in thinking* that partiality existed.

UTTER, J., concurs with STAFFORD, J.