[No. 34149.   Department Two.   September 12, 1957.]

ROSCOE ROSE, *Appellant*, v. GALBRAITH MOTOR COMPANY, *Respondent*, YELLOW MANUFACTURING ACCEPTANCE CORPORATION *et al.*, *Defendants.*[1]

[1]Reported in 314 P. (2d) 924.

*Crippen & Flynn,* for appellant.

*E. K. Murray* and *E. M. Murray,* for respondent.

DONWORTH, J.—On November 29, 1955, appellant was the owner of a 1955 GMC logging truck, subject to a chattel mortgage in favor of respondent, Galbraith Motor Company (hereinafter referred to as Galbraith), which secured the balance of the purchase price thereof. On that date, the chattel mortgage was assigned by Galbraith to defendant and cross-complainant, Yellow Manufacturing Acceptance Corporation (hereinafter called YMAC). The assignment reads, in part:

"For value received, the undersigned does hereby sell, assign and transfer to YELLOW MANUFACTURING ACCEPTANCE CORPORATION, his, its or their right, title and interest in and to the within mortgage and the Property covered thereby and authorizes said Yellow Manufacturing Acceptance Corporation to do every act and thing necessary to collect and discharge the same.

"In consideration of your purchase of the within mortgage, the undersigned guarantees payment of the full amount remaining unpaid thereunder . . ."

On February 10, 1956, appellant was in default under the terms of the mortgage, having failed to pay the instalment which became payable on December 29, 1955. Galbraith, through its agent, defendant Doherty, caused the truck to be removed from the possession of appellant and stored in its automobile agency lot in Tacoma. Attached to the truck at the time of its removal by respondent was a logging trailer, which need not be further discussed.

Appellant brought this action for conversion against Galbraith, Doherty, and YMAC, alleging that, in taking possession of the vehicle, Galbraith was acting for itself and for and on behalf of YMAC.

Galbraith answered, alleging in its affirmative defense that all acts done by it in taking possession of the truck

were done at the specific instance and request of YMAC. YMAC answered, denying that Galbraith was its agent and authorized so to act, and prayed for a judgment over against Galbraith in the event of an adverse judgment against it. YMAC further cross-complained for foreclosure of its chattel mortgage.

The trial court, at the close of appellant's evidence, sustained YMAC's challenge to the sufficiency of appellant's evidence and dismissed YMAC from appellant's action for conversion. At the close of all evidence, the trial court found that Galbraith had in fact converted the truck.

The trial court awarded YMAC judgment as prayed for in its cross-complaint, foreclosing its mortgage, ordering a foreclosure sale of the truck, and providing for a deficiency judgment against appellant. The value of the truck at the time of the conversion was found, upon conflicting evidence, to be $17,500. The balance due YMAC on the chattel mortgage exceeded $19,000. The court concluded that, since the balance due on the mortgage exceeded the fair market value of the truck at the time of the conversion, and since Galbraith was liable to YMAC under its guaranty, Galbraith was in privity with YMAC and was entitled to set off the mortgage balance against the value of the truck. The court thus concluded that appellant was not damaged by Galbraith's conversion. The judgment of the court vested title to the truck in Galbraith, subject to the rights of YMAC.

Respondent has moved that the appeal be dismissed on the ground that appellant's notice of appeal is deficient in certain respects; that these defects are jurisdictional; and, therefore, this appeal should be dismissed. We have examined the notice of appeal and have considered it in connection with the judgment to which it is directed. We conclude that the notice of appeal given herein is sufficiently definite to fully apprise respondent of the particular portions of the final judgment as to which appellant considered himself aggrieved. The motion to dismiss is denied.

On the merits, appellant argues that Galbraith should not be entitled to set off *any* amount owing to YMAC

under the chattel mortgage, since that relief was not prayed for in its answer and it requested no trial amendment. Pleadings will be deemed amended to conform to the proof admitted without objection. *Krenov v. West Coast Life Ins. Co.*, 48 Wn. (2d) 180, 292 P. (2d) 209 (1956). Therefore, in this case we will consider the pleadings as so amended.

At the time of conversion, appellant owned the general property interest in the truck, subject to the security interest of YMAC. Hence, appellant's ownership in the truck was a limited interest.

■ The basis for the principle which allows the owner of a limited interest in converted property to recover the full market value therefor is set forth in 53 Am. Jur. 907, Trover and Conversion, § 121, which reads, in part:

"A person who is entitled to bring an action for conversion although he has a limited interest in the property converted may, as against a stranger, ordinarily recover the full value of the property. *A reason assigned for this rule is that the owner of the limited or qualified interest, in addition to his own loss, is liable over to the owner of the remaining interest, and in order to be adequately compensated must receive sufficient damages not only to compensate himself for his own loss, but also to satisfy the demands of such owner.* . . . However, where the property or its proceeds are actually applied to the benefit of a third person who has an interest therein, such application may properly be considered in mitigation of the damages recoverable." (Italics ours.)

See, also, 89 C.J.S. 643, Trover and Conversion, § 164, and *Goldberg v. List*, 11 Cal. (2d) 389, 79 P. (2d) 1087, 116 A. L. R. 900, cited therein.

Instead of acquiring title to converted property which is free from encumbrance, Galbraith has acquired title thereto subject to the chattel mortgage held by YMAC, which secures an indebtedness exceeding the value of the property converted, as found by the trial court. Upon stipulation between appellant and YMAC, the chattel mortgage was ordered foreclosed and the truck sold. Upon sale of the truck by the sheriff, YMAC's judgment against appellant

will be satisfied either wholly or partially and appellant's liability thereunder will be reduced accordingly. But, until the sale is concluded, the exact amount to be credited on the judgment is unknown. To that extent, however, YMAC's judgment for the balance of the mortage debt (which constitutes its security interest in the converted truck) will be satisfied out of the property itself.

Galbraith will incidentally benefit from the sale of the truck on foreclosure, since the application of the net amount received therefrom to the judgment which represents the mortgage debt will reduce *pro tanto* its liability to YMAC under its guaranty. After the sheriff's sale of the truck, appellant will be liable to YMAC only for any deficiency which may exist, should the amount realized from the sale be insufficient to satisfy YMAC's judgment.

Appellant contends that Galbraith should not be entitled to set off *any* amount against his damages for conversion. To sustain this contention would result in a judgment which would require Galbraith to pay the fair market value for the converted property without permitting it to offset the amount realized on the foreclosure sale. This would not only award compensatory damages for the conversion, but would also impose upon the converter punitive damages, which, in the absence of a statute expressly authorizing them, have not been sanctioned by this court. *Spokane Truck & Dray Co. v. Hoefer*, 2 Wash. 45, 25 Pac. 1072, 26 Am. St. 842, 11 L. R. A. 689 (1891); *Grays Harbor County v. Bay City Lbr. Co.*, 47 Wn. (2d) 879, 883, 289 P. (2d) 975 (1955).

Since no finding of fact was made by the trial court concerning whether or not Galbraith's conversion of the property was in *mala fides*, the cases cited in *Grays Harbor County v. Bay City Lbr. Co.*, *supra*, which permit the owner of converted property to recover a value in excess of the fair market value at the time of conversion, are not in point.

On the other hand, a judgment which would allow Galbraith to offset the *full* amount of the mortgage debt owed by appellant to YMAC (which has been guaranteed by it),

would result in permitting Galbraith to profit from its own wrong, since it would acquire title to the converted property as a result of its wrongful act and then reduce its liability to YMAC under its guaranty by any amount recovered by YMAC (on the foreclosure sale) in excess of the fair market value of the property, as found by the trial court.

■ But Galbraith contends that it should be entitled to set off the whole amount of the judgment in favor of YMAC, which represents the balance of the mortgage debt, because it is in privity with YMAC and is liable for any deficiency under the terms of its guaranty. We cannot agree. By the terms of the assignment above quoted, Galbraith assigned all of its "right, title and interest" in the chattel mortgage to YMAC, thereby divesting itself of all incidents of ownership which it theretofore owned in the mortgage. Galbraith's direct promise to pay the balance remaining due thereunder, should the mortgagor (appellant) default in the terms of the mortgage, created nothing more than a potential suretyship relation between itself and YMAC. Before the assignment, title to the truck was in appellant, and the security interest was in Galbraith. By the assignment, this security interest became vested in YMAC. After the assignment, the rights of YMAC and Galbraith, as against appellant, were neither mutual nor identical. Galbraith had no contract right enforcible against appellant, and its only liability to YMAC was contingent upon appellant's possible default in failing to comply with the terms of the mortgage. We conclude that the guaranty of Galbraith to YMAC contained in its assignment does not entitle it to any offset whatever against appellant's damages for conversion.

■ Although neither of the respective theories advanced by the parties to this appeal can be sustained, it is clear that Galbraith was entitled to a setoff in some amount against appellant's damages for conversion. But the trial court erred in fixing the amount of the setoff as $19,310.60, which was the total indebtedness under the chattel mortgage. Galbraith's right of setoff does not arise out of any privity existing between it and YMAC under its guaranty

of the chattel mortgage debt, but is allowable because Galbraith has been required to yield to the paramount right of YMAC to have the truck sold at the foreclosure sale and the proceeds thereof applied toward the satisfaction of its judgment against appellant. The extent of YMAC's security interest in the truck can only be measured by the price realized upon sale by the sheriff. The application of the proceeds of that sale toward the satisfaction of YMAC's judgment will commensurately reduce appellant's liability thereunder, and to that extent the proceeds of sale will enure to his benefit. Galbraith is entitled to show, in mitigation of appellant's damage, that the security interest of YMAC has been satisfied. See 89 C. J. S. 654, Trover and Conversion, § 188.

The record does not reveal whether or not the sheriff's sale pursuant to the judgment foreclosing YMAC's chattel mortgage has yet been held. The judgment entered by the trial court allowing Galbraith to set off the total balance of appellant's mortgage debt to YMAC is erroneous, because it may exceed the amount to be realized at the sheriff's sale, and therefore cannot be approved.

The judgment is reversed and the cause remanded, with directions to enter a judgment which allows Galbraith to set off against appellant's damages for conversion only an amount equal to the price for which the truck has been, or shall be, sold at the sheriff's sale, and to retain jurisdiction, if necessary, for the purpose of entering such further order, or orders (not inconsistent with the views herein expressed), as it may deem necessary.

Appellant shall recover his costs in this court.

HILL, C. J., SCHWELLENBACH, ROSELLINI, and FOSTER, JJ., concur.