**PHILADELPHIA FACTORS, INC.,**

v.

**THE WORKING DATA GROUP, INC.,**
**American Water Works Service**
**Co., and Sovereign Bank.**

**Appeal of The Working**
**Data Group, Inc.**

Superior Court of Pennsylvania.

Argued Feb. 4, 2004.
Filed May 4, 2004.

Michael G. Louis, West Chester, for appellant.

John J. Jacko, III, Philadelphia, for Sovereign Bank, appellee.

Before: KLEIN, McCAFFERY and OLSZEWSKI, JJ.

KLEIN, J.

¶ 1 The Working Data Group, Inc. appeals from the order sustaining preliminary objections against it on its claim for conversion against Sovereign Bank.[1] We affirm.

¶ 2 Working Data was having financial difficulties. It had done some consulting work for American Water Works Service Company. They sold their accounts receivable from American Water Works to Philadelphia Factors, Inc. The agreement

---

1. Technically, the order sustaining preliminary objections was not, in and of itself, final and appealable as it left issues as to one of the defendants open. However, the trial court has subsequently issued an order confirming the finality of the order and we will therefore accept this appeal. *See* Pa.R.A.P. 341(c).

was that all accounts receivable from American Water Works were to be paid to Philadelphia Factors. Instead, American Water Works directly deposited the fee due to Working Data to a Working Data account at Sovereign Bank. Since Working Data was in default on a loan to Sovereign Bank, Sovereign Bank took the money and credited it against the loan. Despite requests by Philadelphia Factors to Sovereign Bank to return the money, the bank kept the funds.

¶ 3 Ultimately, a settlement was worked out between Philadelphia Factors, American Water Works and Sovereign Bank which did not include Working Data. Working Data wished to pursue an action against Sovereign Bank for conversion. Sovereign Bank filed preliminary objections, asserting that since all accounts receivable of Working Data from American Water Works had been sold to Philadelphia Factors, Working Data had no interest in the funds and therefore in the lawsuit. The trial court sustained the preliminary objections and dismissed Working Data's lawsuit, and this appeal followed.[2]

¶ 4 Working Data raises two questions on appeal; neither has merit.

1. **Did the Appellant properly state a claim for which relief may be granted under any theory of law against the Appellee which required the preliminary objection in the nature of a demurrer to be rejected?**

¶ 5 Since Appellant Working Data had sold all its interest in the accounts receivable to Philadelphia Factors, it had no legal interest in anything that Sovereign Bank did with Philadelphia Factors' money. As Working Data concedes in its brief, "Before money can be converted, it must belong to the plaintiff." *Montgomery v. Federal Insurance Company*, 836 F.Supp. 292, 300 (1993) (Working Data brief, pp. 14–15).

¶ 6 Working Data argues that it has a limited interest in the property converted and therefore should be allowed to pursue its action. Working Data claims that once Sovereign Bank improperly converted the funds, Philadelphia Factors stopped extending credit to Working Data, which caused Working Data to go out of business. Further, they contend that Philadelphia Factors is pursuing Working Data and its principals for the amount of loans made by Philadelphia Factors to Working Data which were over and above the accounts receivable they collected from Sovereign Bank in the settlement.

¶ 7 We certainly recognize that the improper action of Sovereign Bank in keeping the funds sent to it by American Water Works indirectly caused great damage to Working Data. Having cash flow is vital to a business, particularly one that is struggling. Working Data did owe money to Sovereign, and was in default, and the funds were used to decrease its obligation to Sovereign Bank. However, there is a great difference between losing an immediate cash flow and getting credit for an overdue obligation that could have taken Sovereign Bank a long time to collect. Working Data may be correct that this loss of immediate cash forced it out of

---

**2.** Our standard of review regarding preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate must accept the material facts set forth in the complaint as well as all inferences reasonably deducible therefrom as true. The court must then determine from the facts whether the law says with certainty that no recovery is possible. If doubt exists whether a demurrer should be sustained, it should be resolved in favor of overruling the demurrer. *See Aventis Pasteur, Inc. v. Alden Surgical Co., Inc.*, 848 A.2d 996 (Pa.Super.2004).

business. This only demonstrates that Working Data may have suffered harm from the actions of Sovereign Bank, it does not demonstrate that Working Data had any possessory interest in the money in the first place. Instead, the record clearly demonstrates that Working Data had sold its interest in the funds to Philadelphia Factors. The inadvertent payment of money directly to Working Data did not operate to create a possessory interest in funds that was otherwise non-existent.

¶ 8 We find no authority in Pennsylvania to allow a cause of action for conversion of property that does not belong to the plaintiff. Perhaps such a cause of action should exist. But that is up to the legislature or the Supreme Court, not an intermediate appellate court.

¶ 9 A lead case cited by Working Data, *Rose v. Galbraith Motor Company,* 51 Wash.2d 31, 314 P.2d 924 (1957), in fact reaches the opposite conclusion. That Court said:

> We conclude that the guaranty of Galbraith to YMAC contained in its assignment does not entitle it to any offset whatever against appellant's damages for conversion.

While Working Data may have had a guaranty in which they were required to pay Philadelphia Factors, and their principals may also be liable to Philadelphia Factors, this is merely a guaranty. This is not the same as a limited ownership interest.

**2. Did the Appellant properly state a cause of action for conversion by showing that the Appellee converted funds in which the Appellant had at least a partial ownership interest?**

■ ¶ 10 Working Data now claims that it had the right to retain 25 percent of funds paid to Philadelphia Factors by American Water Works. However, that was not pled anywhere. Although Working Data now claims some indication of that interest is contained in the Accounts Purchase Agreement between Working Data and Philadelphia Factors, it never referenced such an interest in either its answer to the complaint or in its new matter or counterclaim. Working Data never averred that it actually had any interest in the disputed funds, but only averred a legal conclusion that Sovereign "knew or should have known" that the funds "belonged to the Plaintiff or to WDG." This averment is legally insufficient to demonstrate the requisite interest in the funds to support a claim of conversion. Moreover, in answering the complaint, Working Data admitted that Philadelphia Factors had purchased the rights to the funds in questions and never alleged that it had any interest itself in the funds. *See* para. 10 plaintiff's complaint and para. 1 defendant's answer.

■ ¶ 11 A busy trial judge is entitled, and required, to rely on the pleadings in deciding preliminary objections to the sufficiency of the complaint. *See, Morley v. Gory,* 814 A.2d 762, 764 (Pa.Super.2002) (preliminary objections in the nature of demurrer require court to resolve issues solely on basis of pleadings). The trial court does not have to use a fine-tooth comb on each exhibit to see if there is some factual basis for a cause of action not pled by a party. Likewise, there is no obligation to allow an amendment of pleadings after a party loses.[3]

¶ 12 Order affirmed.

---

**3.** There is no indication in this record that Working Data ever sought to amend its pleadings.