NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1251
_____

IN RE:  THOMAS W. OLICK,
                                          Debtor

THOMAS W. OLICK,
                                          Appellant

v.

NORTHAMPTON COUNTY TAX CLAIM BUREAU; CITY OF EASTON;
EASTON AREA SCHOOL DISTRICT; NORTHAMPTON COUNTY; JOHN DOE
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 10-cv-07492)
District Judge:  Honorable William H. Yohn Jr.
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 9, 2012
Before:  SCIRICA, JORDAN and GREENBERG, Circuit Judges

(Filed: November 16, 2012)
_____

OPINION OF THE COURT
_____

PER CURIAM.

        Thomas Olick, proceeding pro se, appeals an order of the United States District

Court for the Eastern District of Pennsylvania affirming an order of the United States

Bankruptcy Court for the Eastern District of Pennsylvania. The Bankruptcy Court granted summary judgment in favor of Appellees Northampton County and the Easton Area School District in Olick's adversary proceeding. For the reasons that follow, we will affirm the judgment of the District Court.

In February 2007, Olick filed a Chapter 13 bankruptcy petition. Northampton County filed two proofs of claims. The first, Claim No. 7, was for $1881.79 in unpaid taxes on property at 4014 Crestview Avenue in Easton, Pennsylvania. The second, Claim No. 8, was for $5952.84 in unpaid taxes on other real property. The Bankruptcy Court allowed Claim No. 7 as a secured claim in the amount of $1553.82 and disallowed Claim No. 8. In January 2008, the Bankruptcy Court confirmed Olick's fifth amended bankruptcy plan, under which the Trustee would pay the allowed claims. Northampton County received a payment of $269.26 from the Trustee, leaving $1284.56 remaining due on Claim No. 7.

Olick filed an adversary complaint in September 2008, alleging that the Northampton County Tax Claim Bureau, the City of Easton, the Easton Area School District, and Northampton County wrongfully sought to collect pre-petition claims for taxes outside the bankruptcy proceedings. The parties settled the dispute and the Bankruptcy Court approved their agreement, which provided that the defendants would "not take any action of any nature to collect claims for taxes" that were due as of the date of filing of the bankruptcy petition. Appellant's Ex. G. The defendants acknowledged

that, to the extent such claims were allowed, they would be fully satisfied upon receipt of the amounts allowed by the Bankruptcy Court from the Trustee.

On September 10, 2009, Bank of America, the mortgagee of the property at 4014 Crestview Avenue, requested through its agent, BAC Tax Services Corporation, information from Northampton County about the taxes owed on the property. Northampton County routinely receives such requests on a daily basis. In response, Northampton County certified that taxes were owed in the amount of $12,978.81, which included the amount remaining due on Claim No. 7, pre-petition obligations that were not part of the approved claims, and post-petition taxes. Bank of America sent checks to Northampton County for the amount stated in the certification.

Olick then filed an adversary complaint against Northampton County and the Easton Area School District claiming fraud, conversion, violation of the automatic stay, harassment, breach of contract, and violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-68 ("RICO"), stemming from Northampton County's acceptance of the checks from Bank of America.[1] While his complaint was pending, Olick filed a motion to have Claim No. 7 declared paid in full. The Bankruptcy Court granted Olick's motion and ordered that the Trustee would make no further distributions on that claim.

---

[1] Olick also sued Palmer Township and the City of Easton. The Bankruptcy Court approved a settlement between Olick and Palmer Township. The District Court affirmed the Bankruptcy Court's conclusion that the City of Easton, which was not served with the complaint, was not a defendant. Olick does not appeal this ruling.

Olick, Northampton County, and the Easton Area School District filed motions for summary judgment on all of the claims in the adversary complaint. The Bankruptcy Court granted summary judgment in favor of Northampton County and the Easton Area School District and the District Court affirmed. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 158(d)(1). Our review of the legal conclusions of the District Court and Bankruptcy Court is de novo. In re Nortel Networks, Inc., 669 F.3d 128, 137 (3d Cir. 2011). We review the Bankruptcy Court's factual findings for clear error. Id.

Although Olick's claims are somewhat difficult to discern, he appears to contend that Northampton County committed fraud in several ways. As recognized by the Bankruptcy Court, Olick claims that Northampton County fraudulently filed proofs of claims in his bankruptcy proceedings for taxes that he had already paid. The Bankruptcy and District Courts held that this claim fails because Olick offered no evidence suggesting that Northampton County intentionally misrepresented the amount of taxes owed when it filed its claims. Olick points to no such evidence on appeal and he has not shown that the lower courts erred. See Overall v. University of Pennsylvania, 412 F.3d 492, 498 (3d Cir. 2005) (setting forth elements of fraudulent misrepresentation under Pennsylvania law).

The District Court also rejected Olick's claim that Northampton County committed fraud by including in its certification to BAC pre-petition taxes that the Bankruptcy Court had disallowed. Although the amount of such taxes is not clear,

4

Northampton County acknowledges in its brief that its certification included pre-petition obligations that were not part of the approved claims. The District Court concluded that, even assuming that there was a misrepresentation, Olick's fraud claim fails because he did not show that he relied on the statement to BAC. We agree and also note that the record does not reflect that Northampton County knowingly misrepresented Olick's tax balance in responding to BAC's request.

The District Court also concluded that summary judgment was warranted on Olick's claim that Northampton County's committed fraud in failing to tell the Trustee that Bank of America had paid his tax balance. The District Court explained that, even assuming that there was a misrepresentation, Olick again did not show that he relied on the misrepresentation. The District Court also stated that Olick was not injured by any such failure because Northampton County returned the one payment the Trustee made after it received Bank of America's payment and the Bankruptcy Court has declared Claim No. 7 paid in full. The record supports the District Court's ruling.

Olick also claims that Northampton County improperly converted the funds it received from Bank of America. Olick asserts that Northampton County has failed to properly credit his tax liabilities or account for the funds received that exceeded the pre-petition claims allowed by the Bankruptcy Court. We find no error in the District Court's conclusion that Olick's conversion claim fails as a matter of law because he had no property interest in the payments made by Bank of America. See Philadelphia Factors, Inc. v. Working Data Grp., Inc., 849 A.2d 1261, 1264 (Pa. Super. 2004) (finding no cause

of action under Pennsylvania law for conversion of property that does not belong to the plaintiff). To the extent Olick claims that Northampton County improperly converted the Trustee's payment of $269.26, as recognized by the District Court, the County's tax claim supervisor's affidavit reflects that this payment was applied to Claim No. 7 and the record does not contain evidence from which a fact finder could find that Northampton County converted these funds.[2]

Summary judgment is also warranted on Olick's claim that Northampton County violated the automatic stay. The automatic stay gives debtors a "breathing spell" from creditors by stopping all collection efforts. Maritime Electric Co., Inc. v. United Jersey Bank, 959 F.2d 1194, 1204 (3d Cir. 1991). The filing of a bankruptcy petition automatically stays "any act to obtain possession of property *of the estate . . . .*" 11 U.S.C. § 362(a)(3) (emphasis added). In addition, "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the [bankruptcy] case" is stayed. Id. § 362(a)(6). In accepting funds from Bank of America, Northampton County did not take any action to obtain possession of property of the estate or to collect its claim against Olick. We also agree with the lower courts that, just as a creditor does not violate

---

[2]Olick primarily complains on appeal about the fact that Northampton County accepted payments from Bank of America for pre-petition taxes that were not allowed claims. To the extent Bank of America paid Northampton County more than the taxes that were due on the property, that is a matter for Bank of America to pursue with Northampton County. Olick also asserts that Bank of America is seeking to recover from him the funds it paid to Northampton County. The Bankruptcy Court noted that Olick is pursuing a separate adversary complaint against Bank of America.

the stay by accepting payment from and assigning a claim to a third party, Northampton County did not violate the stay by accepting payment from a third party to satisfy a claim.

Olick also claims that, by accepting payment from Bank of America, Northampton County breached the settlement agreement from his earlier adversary proceeding. The Bankruptcy Court ruled that Northampton County's principal obligation under the settlement agreement was to comply with the automatic stay and that the County did not breach the agreement for the same reasons that it did not violate the stay. Olick argues on appeal that the settlement agreement is broader than the stay and prohibited the receipt of payments from Bank of America. As noted above, Northampton County stipulated, among other things, that it would not take any action of any nature to collect pre-petition tax claims and acknowledged that such claims would be fully satisfied upon receipt of payments from the Trustee. When considered in its entirety, we agree with the Bankruptcy Court that the settlement agreement reaffirmed Northampton County's obligation to comply with the stay and that the County did not breach the agreement by accepting payment from Bank of America. This conclusion is supported by Olick's own statement that he brought the adversary proceeding after his property was listed for sheriff's sale in violation of the stay.

Summary judgment is also warranted in favor of Northampton County on Olick's claims for harassment and RICO violations for the reasons stated by the District Court. Finally, to the extent Olick's claims against Easton Area School District are derivative of his claims against Northampton County, which collects taxes on its behalf, Olick has not

7

shown that the District Court erred in concluding that the School District is also entitled to summary judgment.

Accordingly, we will affirm the judgment of the District Court.[3]

---

[3]Northampton County's motion to file a supplemental appendix is granted.