J-A02025-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BBH, LLC, A PENNSYLVANIA LIMITED LIABILITY COMPANY AND GLENN TETRO, AN ADULT PERSON | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : : | |
| v. | : : : | |
| | : | No. 539 WDA 2021 |
| | : | |
| BROOKVILLE BEHAVIORAL HEALTH, INC., A PENNSYLVANIA NOT FOR PROFIT CORPORATION AND RONALD PARK, AN ADULT INDIVIDUAL | : : : : | |

Appeal from the Order Entered April 5, 2021
In the Court of Common Pleas of Clearfield County
Civil Division at 2020-927-CD

BEFORE:   OLSON, J., MURRAY, J., and PELLEGRINI, J.*

MEMORANDUM BY MURRAY, J.:                **FILED: JANUARY 28, 2022**

BBH, LLC (BBH), and Glenn Tetro (Tetro) (collectively, Appellants) appeal from the order sustaining the preliminary objections of Brookville Behavioral Health, Inc. (Brookville Health), and Ronald Park (Park) (collectively, Defendants), and dismissing Appellants' complaint with prejudice.  After careful consideration, we affirm.

The trial court explained the case history as follows:

> On September 24, 2020, [Appellants] filed a Civil Complaint against the Defendants[.]  Within the Complaint, [Appellants] allege eight causes of action, generally revolving around breach of contract and unjust enrichment.  Tetro, owner and managing

---

* Retired Senior Judge assigned to the Superior Court.

member of BBH, founded [Brookville Health] in 2004. Tetro acted as President of [Brookville Health] until roughly March 2018. Sometime after the creation of [Brookville Health], BBH purchased "certain of its assets and good will … which included amongst other items, client lists and the … 'wrap around' program." Additionally, [Appellants] assert they "spearheaded" a project called the Summerville Project.

In March 2018, Tetro separated from [Brookville Health] due to pending criminal charges against him. As a result of the separation, [Appellants] claim that certain agreements were made with [Brookville Health. Appellants] assert the main agreements include [Brookville Health] purchasing back the assets and goodwill and formation of a separate entity to pursue the Summerville Project. Lastly, due to Tetro stepping down as President, Park was accepted as Chief Executive Officer of [Brookville Health].

The bases for [Appellants'] claims are that the Defendants have failed to pay [Appellants] for the assets and goodwill despite taking control of them, the Defendants have failed to compensate [Appellants] for their effort and resources put towards the Summerville Project, and the Defendants have failed to pay [Appellants] for subcontracting work completed between 2017 and 2018.

On October 14, 2020, the Defendants filed Preliminary Objections and raised the following:

1. [Appellants'] Complaint fails to set forth, with the requisite level of specificity, the factual bases for [Appellants'] claims;

2. [Appellants'] purported causes of action sounding in breach of contract are inadequate as a matter of law;

3. [Appellants'] purported causes of action sounding in unjust enrichment are inadequate as a matter of law;

4. [Appellants] fail to set forth a cognizable cause of action against Park; and

- 2 -

> 5. [Appellants'] request for an accounting and claim for conversion are inadequate as a matter of law and lack sufficient bases to demand punitive damages.
>
> A hearing on the Defendants' Preliminary Objections was held on February 2, 2021.

Opinion and Order, 4/5/21, at 1-2.

After the hearing, the trial court entered a scheduling order for the submission of briefs. Order, 2/2/21. On April 5, 2021, the court entered the order from which Appellants appeal, stating "upon ... review of the relevant case law and briefs," it was sustaining Defendants' preliminary objections and dismissing Appellants' complaint with prejudice. Order, 4/5/21. With its order, the trial court issued an opinion detailing its reasons for concluding that Appellants had failed to plead facts sufficient to support their claims for breach of contract and unjust enrichment. The court reasoned:

> Generally, [Appellants'] Complaint is vague and leaves the [c]ourt unclear as to all of the material facts of the case. The Pennsylvania Rules of Civil Procedure require [Appellants] to not only plead with specificity the material facts of the causes of action, but they also require [Appellants] to confirm whether the alleged agreements were written or oral. The purpose is to allow the Defendants to have enough information to prepare an adequate defense for the claims against them. Additionally, **upon review of the case, and presumption that all facts alleged are true, [Appellants] have failed to establish they are entitled to relief for any of their causes of action**. Because [Appellants] have failed to conform their Complaint to the requirements of the Rules of Civil Procedure and they have failed to adequately show an available remedy, the preliminary objections of the Defendants shall be sustained.

Opinion and Order, 4/5/21, at 11-12 (emphasis added).

Appellants filed a motion to reconsider and for leave to amend their complaint. Appellants asserted, "at this juncture it would be appropriate to permit [Appellants] leave to amend in [an] attempt to bring forth properly pleaded cause or causes of action." Motion to Reconsider and For Leave to Amend, 4/14/21, at ¶ 5. Defendants filed a response the following day. Defendants stated that Appellants "had months of opportunity to amend their Complaint in the face of Defendants' preliminary objections but made no effort to do so." Response in Opposition to Motion to Reconsider and for Leave to Amend, 4/15/21, at ¶ 6. Defendants addressed the counts in Appellants' complaint, emphasizing that Appellants "attached no proposed amended complaint and have otherwise offered no explanation of how any amendment would be fruitful or cure any deficiencies identified by th[e trial c]ourt in its April 5, 2021 Opinion and Order[.]" *Id.* at ¶ 7. The court denied Appellants' motion, accurately observing:

> The Supreme Court of Pennsylvania has held that "a court is not required to permit amendment of a pleading if a party is unable to state a claim on which relief could be granted." *Bavada Nurses, Inc. v. Com., Dep't of Lab. & Indus.*, 8 A.3d 866, 884 (Pa. 2010) (citing *Werner v. Zazyczny*, 681 A.2d 1331, 1338 (Pa. 1996); *see also Philadelphia Factors, Inc. v. Working Date Grp., Inc.*, 849 A.2d 1261, 1264 (Pa. Super. 2004) (holding "there is no obligation to allow an amendment of pleadings after..." the Court rules on a preliminary objection based on legal sufficiency)[.]

Order, 4/21/21, at ¶ 1.

Appellants timely appealed and the trial court ordered Appellants to file a Pa.R.A.P. 1925(b) concise statement. Appellants' concise statement, in entirety, states:

This Trial Court erred when it Dismissed <u>With Prejudice</u> [Appellants'] causes of action without chance for amendment in that the facts as pled support cognizable rights for redress by one or more of the [Appellants].

Concise Statement of Matters Complained of Per Pa.R.A.P. 1925(b), 5/24/21 (underline in original). The trial court subsequently advised this Court and the parties that it would be "submitting no further opinion." Trial Court Correspondence, 6/2/21.

On appeal, Appellants state their issue as follows:

Whether an action accrues when an entity agrees to obtain required approval to purchase a business and its assets and, in the interim, takes possession of the assets and control of the business, then refuses to seek the approval or tender payment.

Appellants' Brief at 4.

Preliminarily, with respect to the sustaining of preliminary objections, we recognize that our

standard of review is *de novo* and the scope of review is plenary. The salient facts are derived solely from the complaint and pursuant to that standard of review, the court accepts all well-pleaded material facts in the complaint, and all inferences reasonably deduced therefrom must be accepted as true.

In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred. The impetus of our inquiry is to determine the legal sufficiency of the complaint and whether the pleading would

permit recovery if ultimately proven. This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion. When sustaining the trial court's ruling will result in the denial of claim or a dismissal of suit, preliminary objections will be sustained only where the case is free and clear of doubt.

***Jones v. Bd. of Directors of Valor Credit Union***, 169 A.3d 632, 635 (Pa. Super. 2017) (citations omitted).

We have further explained:

It is well-established that a plaintiff must provide sufficient factual averments in his on her complaint to sustain a cause of action. Pennsylvania is a fact-pleading state; a complaint must not only give the defendant notice of what the plaintiff's claim is and the grounds upon which it rests, but the complaint must also formulate the issues by summarizing those facts essential to support the claim.

***Feingold v. Hendrzak***, 15 A.3d 937, 942 (Pa. Super. 2011) (citations omitted).

Appellants argue the trial court improperly sustained Defendants' preliminary objections because Appellants satisfied the elements of unjust enrichment, "and with amendment, promissory estoppel." Appellants' Brief at 8-9.[1] Appellants challenge the court's conclusion that they failed to show Defendants "either wrongly secured or passively received any benefit," and repeat their allegations that Defendants took control of Appellants' assets and goodwill, and have continued to benefit from possession and control of the

_____

[1] Appellants are "waiving the associated and additional claims enumerated in the Civil Complaint." Appellants' Brief at 9.

assets and goodwill. *Id.* at 9-10. According to Appellants, Defendants have Tetro's money as well as "the 'wrap around' or 'tag along' business, its assets (including goodwill) and operation. Tetro has nothing." *Id.* at 10.

Although Appellants concede their complaint "could have been more artfully drafted," they dispute the trial court's determination that "there was no benefit received" by Defendants, and the court's denial of Appellants' motion to reconsider and for leave to amend their complaint. *Id.* Appellants maintain their request to amend "should have been permitted to cure any determined deficiencies." *Id.* at 12. They assert, "[u]pon amendment, promissory estoppel should also be considered as a viable cause of action at this juncture." *Id.*

In response, Defendants argue that Appellants have committed multiple missteps which compel a finding of waiver. While Defendants, like the trial court, address the substantive inadequacy of Appellants' trial court pleadings, Defendants first direct our attention to the deficiencies in Appellants' post-appeal pleadings. Specifically, Defendants assert Appellants: (1) failed to comply with Pa.R.A.P. 1925(b)(4) ("Requirements; waiver"); (2) failed to comply with Pa.R.A.P. 2116 ("Statement of Question Involved"); (3) failed to comply with Pa.R.A.P. 302 ("Requisites for Reviewable Issue"); and (4) failed to allege any error with regard to the trial court's primary holding on their claim of unjust enrichment (stating that Appellants "address only the trial court's secondary holding" regarding facts supporting an unjust enrichment

claim, without addressing the court's "primary holding relating to Appellants' allegations of a contract"). Appellants' Brief at 7-15. Upon review, we agree.

We begin with Rule 302, which provides that issues "not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Our review confirms that Appellants first raised their claim for promissory estoppel in their appellate brief, such that the issue was not considered by the trial court. *See* Defendants' Brief at 12. Thus, Appellants have waived their claims pertaining to promissory estoppel. *See* Pa.R.A.P. 302(a) (stating an issue "**cannot** be raised for the first time on appeal (emphasis added)).

As to Appellants' remaining claims of unjust enrichment, we address waiver under Rule 1925(b). Defendants assert that Appellants have waived their unjust enrichment claims because, among other reasons, their "Concise Statement does not mention unjust enrichment . . . and raises no specific claims of error. Such a vague Concise Statement constitutes no Statement at all." Defendants' Brief at 9 (citations omitted).

The relevant subsections of Rule 1925(b) provide,

(4) *Requirements; waiver.*

(ii) **The Statement shall concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge**. The judge shall not require the citation to authorities or the record; however, appellant may choose to include pertinent authorities and record citations in the Statement.

\*\*\*

- 8 -

(vii) Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.

Pa.R.A.P. 1925(b)(4) (italics in original, bold emphasis added).

An "overly vague or broad Rule 1925 statement may result in waiver." *Majorsky v. Douglas*, 58 A.3d 1250, 1258 (Pa. Super. 2012) (citation omitted). In *Majorsky*, we found waiver where "certain claims [we]re implied by [a]ppellants' broadly-stated Rule 1925 objection," but "not raised in clear terms." *Id.* at 1258. We also found waiver because "[t]here [wa]s no way to connect [a]ppellants' arguments to their Rule 1925(b) statement or their statement of the questions presented on appeal in their brief to this Court[.]" *Id.* at 1260.

We have explained:

Issues not included in a Rule 1925(b) statement or fairly suggested by the issue(s) stated are deemed waived. Pa.R.A.P. 1925(b)(4)(v) and (vii). Our Supreme Court will not countenance anything less than strict application of waiver pursuant to Rule 1925(b). *Greater Erie Indus. Development Corp. v. Presque Isle Downs, Inc.*, 88 A.3d 222, 224 (Pa. Super. 2014) (*en banc*). Failure to comply with the requirements of Rule 1925(b) will result in automatic waiver of the issues raised.

*B.G. Balmer & Co. v. Frank Crystal & Co., Inc.*, 148 A.3d 454, 467–68 (Pa. Super. 2016). *In B.G. Balmer & Co.*, the appellants' Rule 1925(b) statement stated:

The trial court erred in awarding any, or excessive, punitive damages. There was a complete lack of evidence of any outrageous or malicious conduct that would warrant punitive

- 9 -

damages under Pennsylvania law.  Even if the trial court's award of punitive damages could be supported (which it cannot), it was excessive, both in absolute terms and as compared to the actual damages, in this commercial case.

***Id.*** at 467.  On appeal, we found waiver of appellants' issue as to "whether the trial court properly considered the subjective intent and financial means of each defendant or whether there was error not to determine punitive damages on an individual basis," because the issue "was not stated or fairly comprised within the issue stated in [a]ppellants' 1925(b) statement."  ***Id.*** at 468.  ***See also Kelly v. Carman Corp.***, 229 A.3d 634, 649 (Pa. Super. 2020) (finding waiver and reiterating that issues not included "and/or not raised in accordance with the provisions of [Pa.R.A.P. 1925(b)(4)(vii)] are waived.").

Here, we likewise find waiver because Appellants' Rule 1925(b) statement, reproduced ***supra***, broadly assails the trial court's ruling, alleging without any specificity that the "facts as pled support cognizable rights for redress by one or more of the [Appellants]."  The vagueness of the statement is reflected in the trial court's response, after receiving the statement, that it would "be submitting no further opinion."  Trial Court Correspondence, 6/2/21.

This Court explained in ***Riley v. Foley***, 783 A.2d 807, 813 (Pa. Super. 2001), that Rule 1925 is a crucial component of the appellate process because it allows the trial court to identify and focus on issues the parties plan to raise on appeal.  As Defendants recognize, "a Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the

functional equivalent to no Concise Statement at all." Defendants' Brief at 8 (citing *Commonwealth v. Dowling*, 778 A.2d 683, 686-87 (Pa. Super. 2001)). "Even if the trial court correctly guesses the issues Appellants raise[] on appeal and writes an opinion pursuant to that supposition, the issues [are] still waived." *Kanter v. Epstein*, 866 A.2d 394, 400 (Pa. Super. 2004) (citation omitted).

For these reasons, we are constrained to find waiver. Nonetheless, we reiterate that the sustaining of preliminary objections is proper where "the law will not permit recovery." *Bayada Nurses, Inc. v. Com., Dep't of Lab. & Indus.*, 8 A.3d at 884 (citation omitted). A court "need not accept as true conclusions of law, unwarranted inferences, allegations, or expressions of opinion." *Id.* (citation omitted). Instantly, if we were to conduct *de novo* and plenary review in the absence of waiver, we would deny relief for the reasons set forth in the trial court's opinion issued contemporaneously with the order sustaining preliminary objections. *See* Trial Court Opinion, 4/5/21, at 1-12 (addressing each count of the complaint and explaining why the averments are legally insufficient); *see also id.* at 12 (stating Appellants "failed to conform their Complaint to the requirements of the Rules of Civil Procedure and they have failed to adequately show an available remedy").

Order affirmed.

Judge Pellegrini joined the memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/28/2022